# Illinois Official Reports

## Supreme Court

*People v. Bingham*, 2018 IL 122008

| | |
|---|---|
| Caption in Supreme Court: | THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JEROME BINGHAM, Appellant. |
| Docket No. | 122008 |
| Filed | September 20, 2018 |
| Rehearing denied | November 26, 2018 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Bridget Jane Hughes, Judge, presiding. |
| Judgment | Appellate court judgment affirmed in part and vacated in part; appeal dismissed. |
| Counsel on Appeal | James E. Chadd, State Appellate Defender, Patricia Mysza, Deputy Defender, and Deborah Nall, Assistant Appellate Defender, of the Office of the State Appellate Defender, of Chicago, for appellant. |
| | Lisa Madigan, Attorney General, of Springfield (David L. Franklin, Solicitor General, and Michael M. Glick and Eric M. Levin, Assistant Attorneys General, of Chicago, of counsel), for the People. |

Mayer Brown LLP (Michael A. Scodro, of Chicago, Andrew L. Frey, of New York, New York, and Craig W. Canetti, of Washington, D.C., of counsel), for *amicus curiae* Collateral Consequences Resource Center.

Adele D. Nicholas and Mark G. Weinberg, both of Chicago, for *amicus curiae* Illinois Voices for Reform.

| Justices | |
|---|---|
| | JUSTICE THOMAS delivered the judgment of the court, with opinion. |
| | Chief Justice Karmeier and Justices Kilbride, Garman, Burke, Theis, and Neville concurred in the judgment and opinion. |

## OPINION

¶ 1    Following a September 2014 bench trial in the circuit court of Cook County, defendant Jerome Bingham was convicted of felony theft (720 ILCS 5/16-1(a)(2)(A), (b)(2) (West 2012)) and sentenced to three years in prison. Defendant had a prior conviction for attempted criminal sexual assault that occurred in 1983, but he was not required to register as a sex offender at that time because the conviction occurred prior to the 1986 enactment of the Sex Offender Registration Act (Act) (730 ILCS 150/1 *et seq.* (West 2012)). Under section 3(c)(2.1) of the Act as amended in 2011 (*id.* § 3(c)(2.1)), however, defendant's 2014 felony theft conviction triggered a requirement that he register as a sex offender on account of his 1983 conviction for attempted criminal sexual assault. Sex offender registration is a matter controlled by statute and was not a requirement imposed by the trial court in this case, and it is thus not reflected in the trial court's judgment.

¶ 2    On appeal to the appellate court, defendant argued that the Act's registration requirement was unconstitutional as applied to him on due process grounds and that it violated the *ex post facto* clauses of the United States and Illinois Constitutions. The appellate court addressed the merits of defendant's claims and rejected them, thereby upholding the constitutionality of the Act. The appellate court also modified or vacated various fines and fees imposed by the trial court.

¶ 3    Defendant petitioned for leave to appeal to this court, which we allowed. Ill. S. Ct. R. 315 (eff. Mar. 15, 2016). For the reasons that follow, we vacate the portion of the appellate court's judgment that addressed, on the merits, the constitutionality of the Act's registration requirement, and we dismiss defendant's appeal before this court.

¶ 4                              BACKGROUND

¶ 5    Defendant was charged with felony theft after a surveillance camera recorded him taking several pallets from the unfenced yard of a Kmart at 4201 Harlem Avenue in Norridge, Illinois,

at approximately 6:30 p.m. on May 3, 2014. The indictment alleged that defendant committed theft

> "in that he knowingly obtained or exerted unauthorized control over property, to wit: pallets, of a value less than five hundred dollars, the property of Kmart, intending to deprive Kmart, permanently of the use or benefit of said property, and the defendant has been previously convicted of the offense [of] retail theft [(720 ILCS 5/16-1(a)(1) (West 1992))]."

Although theft is generally a Class A misdemeanor, the offense in this case was elevated to a Class 4 felony because defendant had previously been convicted of another theft offense. See 720 ILCS 5/16-1(b)(2) (West 2012).

¶ 6    At trial, the State presented testimony from various witnesses establishing that on May 3, 2014, defendant took from the Norridge Kmart a total of six pallets, valued at $72, and drove away in his truck without paying or receiving permission to take them. The parties stipulated that defendant had a previous conviction for retail theft in case No. 00125524901. The State entered various exhibits into evidence, and the trial court viewed a video depicting defendant taking the pallets from the Kmart receiving area.

¶ 7    Defendant testified that, about six months before the incident at issue, he had a conversation with a person who was driving a forklift in the back of the Kmart at 4201 North Harlem Avenue. The forklift driver told defendant that it would be okay for him to take broken pallets from behind the Kmart for scrapping purposes.

¶ 8    The trial court found defendant guilty of theft, and the cause proceeded to sentencing. The presentence investigation report showed that defendant had an extensive criminal history, which included convictions for the following offenses: attempted criminal sexual assault in 1983, possession of a controlled substance in 1993 and 1996, violation of an order of protection in 1999, retail theft of less than $150 in 1999, possession of a stolen vehicle in 2000, two retail thefts in 2000, theft in 2004, and possession of a controlled substance in 2005 and 2007. The State also presented evidence at sentencing that on May 2, 2014, the day before the theft that defendant was found guilty of in this case, defendant also stole pallets from the Kmart located at 4201 North Harlem Avenue.

¶ 9    The trial court sentenced defendant to three years' imprisonment on his theft conviction—which became a Class 4 felony due to his previous conviction for retail theft—and assessed $699 in various fines, fees, and costs. The trial court did not impose as part of its judgment a requirement that defendant register as a sex offender.

¶ 10    Defendant's theft conviction, however, did trigger the collateral consequence[1] of his having to register as a sex offender under the Act. The presentence investigation report indicated that defendant was convicted of attempted criminal sexual assault in 1983 and sentenced to serve four years in prison. At the time of his conviction in 1983, he was not required to register as a sex offender because the Act had not yet been enacted. It was enacted in 1986 and then amended in 2011 to provide that "[a] sex offender or sexual predator, who has never previously been required to register under this Act, has a duty to register if the person has

---

[1]A collateral consequence is an effect upon a defendant that the circuit court has no authority to impose, and it results from an action that may or may not be taken by an agency that the trial court does not control. *People v. Delvillar*, 235 Ill. 2d 507, 520 (2009).

been convicted of any felony offense after July 1, 2011." 730 ILCS 150/3(c)(2.1) (West 2012). Thus, defendant's 2014 felony theft conviction now requires him to register with the appropriate law enforcement agency as a sex offender for his commission of attempted criminal sexual assault in 1983.

¶ 11    On appeal to the appellate court, defendant first argued that the registration requirement of the Act violated his substantive due process rights as applied because under the particular facts of this case, where such a long time had passed since defendant's sex offense, there was no reasonable relationship between the Act's requirement to register and its purpose of protecting the public from sex offenders. 2017 IL App (1st) 143150, ¶ 23. The appellate court rejected that argument. It found that the legislature could have reasonably determined that where a defendant commits a sex offense in the past for which he was not required to register and has shown a recent, general tendency to recidivate by committing a new felony offense since the amendment of the Act in 2011, he poses a potential threat of committing a new sex offense in the future. *Id.* ¶ 24 Moreover, the appellate court noted, "[s]uch a threat is magnified in the instant case, where defendant has committed no less than 11 crimes (6 felonies and 5 misdemeanors), in addition to the 2014 felony theft at issue here, since his attempted criminal sexual assault in 1983." *Id.* The appellate court concluded that the Act's requirement that defendant register as a sex offender for committing the 2014 felony theft after having committed the 1983 attempted criminal sexual assault is a reasonable method for accomplishing the desired legislative objective of protecting the public from sex offenders, and therefore it found the Act as applied to defendant satisfies the rational basis test and is constitutional. *Id.*

¶ 12    Defendant next argued that the registration requirement of the Act is a new and ongoing punishment for the attempted criminal sexual assault offense he committed in 1983 and therefore violates the *ex post facto* clauses of the United States and Illinois Constitutions. *Id.* ¶ 25. The appellate court rejected this argument as well. Citing *People ex rel. Birkett v. Konetski*, 233 Ill. 2d 185, 207 (2009), *In re J.W.*, 204 Ill. 2d 50, 75 (2003), *People v. Malchow*, 193 Ill. 2d 413, 424 (2000), *People v. Adams*, 144 Ill. 2d 381, 386-90 (1991), and *People v. Fredericks*, 2014 IL App (1st) 122122, ¶¶ 58-61, it concluded that the requirement of sex offender registration does not amount to punishment and there was therefore no violation of the *ex post facto* clauses. 2017 IL App (1st) 143150, ¶¶ 27, 30.

¶ 13                                    ANALYSIS

¶ 14    Before this court, defendant argues that the registration requirement of the Act is unconstitutional as applied to him on substantive due process grounds and violates *ex post facto* principles.

¶ 15    In response, the State first raises a threshold jurisdictional argument. It contends that a reviewing court has no power on direct appeal of a criminal conviction to order that a defendant be relieved of his obligation to register as a sex offender when that obligation was neither imposed by the trial court nor did it in any way relate to the reasons for his conviction and sentence in that court. We agree with the State.

¶ 16    In criminal cases, "[a] notice of appeal confers jurisdiction on an appellate court to consider only *the judgments* or *parts of judgments* specified in the notice." (Emphasis added.) *People v. Lewis*, 234 Ill. 2d 32, 37 (2009). Under Illinois Supreme Court Rule 615(b) (eff. Jan.

1, 1967), the scope of appellate review is defined by the trial court's judgment and the proceedings and orders related to it:

> "On appeal the reviewing court may:
>
>> (1) reverse, affirm, or modify the judgment or order from which the appeal is taken;
>
>> (2) set aside, affirm, or modify any or all of the proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken;
>
>> (3) reduce the degree of offense of which the appellant was convicted;
>
>> (4) reduce the punishment imposed by the trial court; or
>
>> (5) order a new trial."

¶ 17    In the proceedings before the appellate court in this case, that court was not called upon to exercise any of the above delineated powers with respect to defendant's argument that sex offender registration is unconstitutional as applied to him. The requirement that defendant register as a sex offender is not encompassed within the judgment or any order of the trial court. Thus, defendant's argument did not ask a reviewing court to reverse, affirm, or modify the judgment or order from which the appeal is taken. Nor did it ask to set aside or modify any "proceedings subsequent to or dependent upon the judgment or order from which the appeal is taken." Ill. S. Ct. R. 615(b)(2) (eff. Jan. 1, 1967). The requirement that defendant register as a sex offender cannot be fairly characterized as a "proceeding."

¶ 18    Defendant argues that the requirement to register is "punishment," but even if that were true, it would not be "punishment imposed by the trial court." We find that none of the criteria of Rule 615(b) for invoking the powers of a reviewing court have been satisfied in this case. Accordingly, we conclude that a reviewing court has no power on direct appeal of a criminal conviction to order that defendant be relieved of the obligation to register as a sex offender when there is neither an obligation to register imposed by the trial court nor an order or conviction that the defendant is appealing that is directly related to the obligation or the failure to register.

¶ 19    A contrary rule would permit appeal of collateral issues on direct appeal from a criminal conviction not only to sex offender obligations but to a host of other collateral consequences of convictions that are not imposed by trial courts and are not embodied in their judgments. Such consequences would likely include "the loss of the right to vote, disqualification from public benefits, ineligibility to possess firearms, dishonorable discharge from the Armed Forces, and loss of business or professional licenses." See *Padilla v. Kentucky*, 559 U.S. 356, 376 (2010) (Alito, J., concurring in the judgment, joined by Roberts, C.J.). Allowing defendants to challenge the collateral consequences of a conviction on direct appeal would place a reviewing court in the position of ruling on the validity (or resolving the details) of regulatory programs administered by state agencies and officials that are not parties to the action. See *People v. Molnar*, 222 Ill. 2d 495, 500 (2006) (the Illinois State Police is "the agency responsible for implementing [sex offender registration under the Act]").

¶ 20    The only Illinois case that defendant has managed to cite with the same procedural posture as the present case—*i.e.*, involving a defendant seeking to challenge a collateral consequence of a conviction on direct appeal from that conviction—is *People v. Avila-Briones*, 2015 IL App (1st) 132221. There, however, the State did not make the same argument about the limit on the powers of the reviewing court to address the collateral consequences of a conviction. Instead,

the State in that case merely challenged the defendant's ability to raise the sex offender registration requirement on the ground that the defendant lacked standing. The appellate court's antennae were raised relative to the unusual nature of defendant bringing such a claim on direct appeal from the criminal conviction, but it ultimately concluded that the case did not pose a standing problem:

> "It is *** unusual for a defendant to raise the challenges to these nonsentencing laws on direct appeal from his criminal conviction, when a litigant typically does so in a civil action. The trial court, after all, did not impose these restrictions as part of its sentence. Instead, these laws automatically applied to defendant, no matter the trial court's sentence. But that does not alter the fact that defendant checks all the boxes on the requirements for standing." *Id.* ¶ 32.

¶ 21 We do not find *Avila-Briones* to be useful authority for resolving the precise issue before us here, which involves the power of a reviewing court to address the issue rather than simply the standing of the defendant. Also, *Avila-Briones* itself noted the difficulty it faced in reviewing such a case where the record lacked detailed factual findings because defendant "did not file a civil suit and seek an evidentiary hearing before the trial court" with respect to his claims. See *id.* ¶ 86. The two proper ways that the kinds of constitutional issues involved in this case typically make their way to a reviewing court are (1) through a direct appeal from a case finding a defendant guilty of violating the regulation he attempts to challenge as unconstitutional, such as the sex offender registration law (see, *e.g.*, *People v. Minnis*, 2016 IL 119563, ¶¶ 13-17),[2] or (2) by filing a civil suit seeking a declaration of unconstitutionality and relief from the classification as well as the burdens of sex offender registration (see, *e.g.*, *Johnson v. Madigan*, 880 F.3d 371, 373-77 (7th Cir. 2018) (where the court in a civil suit rejected defendant's *ex post facto* challenge to the same statute at issue here on basically the same facts, finding that the Act did not apply retroactively for *ex post facto* purposes as applied to defendant)).

¶ 22 Moreover, the improper tack that defendant chose in this case of raising his as-applied due process challenge to sex offender registration for the first time in the reviewing court in a collateral proceeding without the benefit of a factual record to support the claim makes it difficult if not impossible to adjudicate the claim on appeal. This court has repeatedly held that an as-applied challenge is not properly brought when there has been no evidentiary hearing and no findings of fact. *People ex rel. Hartrich v. 2010 Harley-Davidson*, 2018 IL 121636, ¶ 31; *People v. Rizzo*, 2016 IL 118599, ¶ 26; *People v. Mosley*, 2015 IL 115872, ¶ 47; *In re Parentage of John M.*, 212 Ill. 2d 253, 268 (2004). " ' "Without an evidentiary record, any finding that a statute is unconstitutional 'as applied' is premature." ' " *Rizzo*, 2016 IL 118599, ¶ 26 (quoting *Mosley*, 2015 IL 115872, ¶ 47, quoting *John M.*, 212 Ill. 2d at 268). All as-applied challenges are, by definition, dependent on application of the law to the specific facts and circumstances alleged by the challenger; therefore, it is crucial that the record be sufficiently developed with respect to those facts and circumstances for purposes of appellate review. *2010 Harley-Davidson*, 2018 IL 121636, ¶ 31.

---

[2]In *Minnis*, defendant was charged with failing to register as a sex offender. 2016 IL 119563, ¶ 5. We noted that a court will not consider a constitutional challenge to a criminal statutory provision under which a defendant has not been charged unless his challenge is brought under the first amendment's overbreadth doctrine. *Id.* ¶¶ 13-14.

¶ 23     Defendant has the heavy burden of overcoming the strong judicial presumption in favor of the constitutionality of the statute he seeks to challenge. Neither the trial nor the sentencing hearings in this case allowed for the development of the record with a view to litigating a challenge to defendant's sex offender registration obligation. Indeed, that obligation was not even mentioned in the trial court proceedings.

¶ 24                                              CONCLUSION

¶ 25     Because this is not the proper forum for defendant to raise his claims and because an as-applied constitutional challenge may not be raised where it is litigated for the first time on review, we vacate the portion of the appellate court's judgment that addressed defendant's constitutional claims on the merits, and we now dismiss defendant's appeal.

¶ 26     Appellate court judgment affirmed in part and vacated in part; appeal dismissed.