2020 IL App (1st) 190005-U

FIFTH DIVISION
November 25, 2020

No. 1-19-0005

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 15 CR 15359 |
| | ) ) ) | |
| ISIDRIO VALVERDE, | ) ) | Honorable Carol M. Howard |
| Defendant-Appellant. | ) ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Cunningham concurred in the judgment.

**ORDER**

¶ 1  *Held:*  We lack jurisdiction to consider defendant's facial constitutional challenge to the Sex Offender Registration Act and the Sex Offender Community Notification Law. Appeal dismissed.

¶ 2  Following a bench trial, defendant Isidrio Valverde was convicted of criminal sexual assault on October 26, 2018, and sentenced to six years' imprisonment. On appeal, defendant contends that various provisions of the Sex Offender Registration Act (SORA) (730 ILCS 150/1 *et seq.* (West 2018)) and the Sex Offender Community Notification Law (the Notification Law)

(730 ILCS 152/101 *et seq.* (West 2018)) are facially unconstitutional because they violate (1) his substantive due process rights, or in the alternative, (2) his procedural due process rights. We dismiss the appeal.

¶ 3                                             BACKGROUND

¶ 4     Defendant challenges neither the sufficiency of the evidence supporting his conviction nor his sentence. Accordingly, we will omit an extensive recitation of the evidence at trial. The State charged defendant by indictment with, *inter alia*, three counts of aggravated criminal sexual assault and two counts aggravated battery on a public way in connection with the assault on the victim, K.G.[1] Defendant waived a jury trial and elected to proceed with a bench trial. After the presentation of the evidence and closing arguments, the circuit court found defendant guilty of one count of the lesser-included offenses of criminal sexual assault and two counts of misdemeanor battery.

¶ 5     The court sentenced defendant to concurrent terms of six years' imprisonment for the criminal sexual assault conviction and 364 days of jail for the battery convictions. In response to the State's comment, the court informed defendant that, upon his release from prison, he would have to register "with the police authority in the jurisdiction to which you move within three days of being released." This appeal follows.

¶ 6                                             ANALYSIS

¶ 7     On appeal, defendant contends that the provisions of the Sex Offender Registration Act (SORA) (730 ILCS 150/1 *et seq.* (West 2018)) and the Sex Offender Community Notification Law

---

[1] We note that, in one instance in his brief, defendant reveals K.G.'s full name. While not explicitly prohibited, this has long been disapproved of, and we have consistently admonished parties to avoid this practice. See, *e.g.*, *People v. Leggans*, 253 Ill. App. 3d 724, 727 (1993). Although this isolated instance appears to have been inadvertent, we nonetheless encourage parties to carefully review their documents for compliance before filing them in this court.

(the Notification Law) (730 ILCS 152/101 *et seq.* (West 2018)) are facially unconstitutional for violating either his right to substantive due process, or in the alternative, procedural due process. The State responds that, pursuant to the holding in *People v. Bingham*, 2018 IL 122008, we must dismiss this appeal for want of jurisdiction. Defendant acknowledges the holding in *Bingham* but argues that it is either factually distinguishable or wrongly decided.

¶ 8    In *Bingham*, the defendant had a conviction for attempted criminal sexual assault that predated SORA. *Id.* ¶ 1. The defendant was, however, convicted of felony theft in 2014 and thus required to register as a sex offender due to his prior attempted criminal sexual assault conviction. *Id.* Notably, the court stated, "Sex offender registration is a matter controlled by statute and was not a requirement imposed by the trial court in this case, and it is thus not reflected in the trial court's judgment." *Id.*

¶ 9    The *Bingham* court explained that, pursuant to Illinois Supreme Court Rule 615(b) (eff. Jan. 1, 1967), the scope of appellate review derives from the circuit court's judgment and any proceedings and orders related thereto. *Id.* ¶ 16. Rule 615(b) permits a reviewing court to "(1) reverse, affirm, or modify the judgment or order *from which the appeal is taken*; (2) set aside, affirm, or modify any or all of the proceedings *subsequent to or dependent upon the judgment or order from which the appeal is taken*; (3) reduce the degree of the offense of which the appellant was convicted; (4) reduce the punishment imposed by the trial court; or (5) order a new trial." (Emphases added.) Ill. S. Ct. R. 615(b) (eff. Jan. 1, 1967).

¶ 10    Although the appellate court had examined (and then rejected) the defendant's as-applied challenge to the sex offender registration scheme, the supreme court held that the appellate court had not been called on to exercise its delineated powers regarding the defendant's constitutional claims. *Bingham*, 2018 IL 122008, ¶ 17. The supreme court held that "a reviewing court has no

power on direct appeal of a criminal conviction to order that defendant be relieved of the obligation to register as a sex offender when there is neither an obligation to register imposed by the trial court nor an order or conviction that the defendant is appealing that is directly related to the obligation or the failure to register." *Id.* ¶ 18. The *Bingham* court then vacated the portion of the appellate court's judgment that addressed defendant's constitutional claims on the merits and dismissed defendant's appeal. *Id.* ¶ 25.

¶ 11 The situation presented here is nearly identical to that in *Bingham*. The central holding in *Bingham* was that this court's power of review under rule 615 extends only to an order that either obligates defendant to register under SORA or is related to the reasons for conviction or sentence. There is, however, no order or conviction related to defendant's failure to register here, and defendant's conviction and sentence relate to his assault on K.G. and not the failure to register. Defendant's obligation to register will arise upon his release from imprisonment by operation of law. See 730 ILCS 150/3(c)(4) (West 2018). This case thus falls squarely under the holding in *Bingham*, and we must dismiss defendant's appeal.

¶ 12 Nonetheless, defendant argues that we need not follow *Bingham* because it is factually distinguishable. Namely, defendant notes that *Bingham* involved an as-applied challenge necessitating a developed record (unlike the facial challenge here). Defendant further points out that, unlike in *Bingham*, the registration requirement applies directly because of his criminal conviction and the circuit court "expressly ordered" defendant to register. We disagree.

¶ 13 First, we reject defendant's claim that *Bingham* only applies to as-applied challenges. This argument has been considered and rejected before. See, *e.g.*, *People v. Wells*, 2019 IL App (1st) 163247, *appeal denied*, No. 125194 (Nov. 26, 2019) (Table). In addition, defendant's argument

4

that his registration requirement is directly related to his criminal conviction has also been repeatedly rejected. See *id.* Defendant offers no reason for us to depart from existing precedent.

¶ 14    Defendant's argument that the circuit court expressly ordered defendant to register is also unavailing. The record in this case reveals that, at sentencing, the State first informed the court that defendant would have to register as a sex offender. In response, the court agreed: "the State is correct." Under these circumstances, the court's agreement with the State's recitation of a statutory obligation cannot reasonably be equated with a court order.[2]  Since *Bingham* is not factually distinguishable, we decline defendant's invitation to ignore it . Defendant's contention of error is therefore without merit.

¶ 15    Defendant also argues that *Bingham* was wrongly decided, but it is axiomatic that we must follow the law as declared by our supreme court. See, *e.g.*, *Illinois Labor Relations Board v. Chicago Transit Authority*, 341 Ill. App. 3d 751, 758 (2003); *Chicago Journeymen Plumbers' Local Union 130, U.A. v. Department of Public Health*, 327 Ill. App. 3d 192, 201 (2001) (observing that an intermediate appellate court has no authority to overrule or modify a supreme court opinion). Defendant is free, of course, to seek review by the Illinois Supreme Court and ask it to overrule *Bingham*.

¶ 16                                    CONCLUSION

¶ 17    The circuit court's order sentencing defendant to six years in prison does not require him to register as a sex offender under SORA, and it does not implicate the Notification Act. Thus, as

---

[2]  We further note that the notice of appeal in this case indicates that defendant was only appealing the order dated October 26, 2018, which was the circuit court's finding of guilty. That order does not explicitly order defendant to register pursuant to SORA following his release from prison.

in *Bingham*, his constitutional challenges to SORA and the Notification Act are beyond the scope

of our power to grant relief under rule 615(b). We must therefore dismiss defendant's appeal.

¶ 18    Appeal dismissed.