2020 IL App (3d) 180075

Opinion filed December 24, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 14th Judicial Circuit, Rock Island County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0075 Circuit No. 16-CF-344 |
| | ) | |
| ALEX VESEY, | ) ) | Honorable Norma Kauzlarich, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE SCHMIDT delivered the judgment of the court, with opinion.
Presiding Justice Lytton and Justice McDade concurred with the judgment and opinion.

**OPINION**

¶ 1        Defendant, Alex Vesey, appeals his conviction for aggravated criminal sexual abuse. Defendant argues that the statutory scheme of lifetime penalties that apply to convicted sex offenders under the Sex Offender Registration Act (SORA) (730 ILCS 150/1 *et seq.* (West 2014)) is unconstitutional as applied to him. We dismiss the appeal for lack of jurisdiction.

¶ 2                                          I. BACKGROUND

¶ 3        The State charged defendant with aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i) (West 2014)), alleging that defendant, who was over the age of 17, committed an act

of sexual conduct with E.K., who was under the age of 13, when he knowingly rubbed his penis on E.K.'s buttocks for the purpose of sexual gratification or arousal.

¶ 4 The trial evidence established that, at the time of the incident, defendant was 34 years old and E.K. was 12 years old. On June 19, 2015, E.K. was sleeping on a couch when she awoke and could not breathe. E.K. thought that defendant had covered her with a blanket but noted that the blanket was over her head. E.K. felt defendant place his penis between her buttocks. Defendant moved his penis "in and out of" E.K.'s buttocks. From this evidence, the circuit court found defendant guilty of aggravated criminal sexual abuse.

¶ 5 During defendant's sentencing hearing, defendant presented a psychological evaluation that indicated that he had a low risk of reoffending. The presentence investigation report revealed that defendant's criminal history included two separate misdemeanor theft convictions and several prior traffic offenses. While discussing the factors in aggravation and mitigation, the court noted that defendant had "led largely a law abiding life." The court sentenced defendant to 30 months of probation and 180 days in the county jail. The probation order stated that defendant "shall register as a sex offender within 3 days with the Chief of Police of the municipality in which the defendant resides." Defendant appeals.

¶ 6 II. ANALYSIS

¶ 7 Defendant argues that the statutory scheme of lifetime penalties that apply to convicted sex offenders under SORA are unconstitutional as applied to him because the circuit court found that he had "led largely a law abiding life" and his psychological evaluation showed that he had a low risk to reoffend. We find that we do not have jurisdiction to consider defendant's as-applied challenge to SORA.

¶ 8 In *People v. Bingham*, 2018 IL 122008, ¶ 18, the supreme court held:

"[A] reviewing court has no power on direct appeal of a criminal conviction to order that defendant be relieved of the obligation to register as a sex offender when there is neither an obligation to register imposed by the trial court nor an order or conviction that the defendant is appealing that is directly related to the obligation or the failure to register."

The supreme court reasoned that the registration obligation and other restrictions imposed by SORA are collateral consequences of a defendant's conviction, and therefore, are not part of the judgment under review. *Id.* ¶¶ 16-21. The supreme court explained that a defendant could challenge SORA in two circumstances: (1) on direct appeal from a case finding defendant guilty of violating a SORA requirement or (2) by pursuing a constitutional claim in a civil suit. *Id.* ¶ 21.

¶ 9 Neither of the circumstances set forth in *Bingham* apply to this case. Instead, defendant raises an as-applied constitutional challenge in this direct appeal from his aggravated criminal sexual abuse conviction. *Bingham* clearly establishes that we lack jurisdiction to consider such a challenge. See *id.* ¶ 18.

¶ 10 Defendant argues that *Bingham* does not control the outcome of this case because the language in the probation order at issue, "that the defendant shall register as a sex offender within 3 days," constituted an order by the court to register as a sex offender under SORA. We disagree. The language cited by defendant is merely an admonishment apprising defendant of the statutory requirement that he register as a sex offender. 730 ILCS 150/5 (West 2014). This language put defendant on notice of the time restraint to register as a sex offender—a collateral consequence of his conviction. This advisory language did not create an order by which defendant can now challenge the constitutionality of SORA. Ultimately, the registration requirement applied to defendant with or without the language in the probation order. See *id.* As the SORA requirements

are a collateral consequence of defendant's conviction, we do not have jurisdiction to consider it in this appeal.

¶ 11                                III. CONCLUSION

¶ 12          For the foregoing reasons, we dismiss the appeal for lack of jurisdiction.

¶ 13          Appeal dismissed.

| **Cite as:** | *People v. Vesey*, 2020 IL App (3d) 180075 |
| --- | --- |
| **Decision Under Review:** | Appeal from the Circuit Court of Rock Island County, No. 16-CF-344; the Hon. Norma Kauzlarich, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Karalis, and Andrew J. Boyd, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Dora A. Nieman, State's Attorney, of Rock Island (Patrick Delfino, Thomas D. Arado, and Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |