2025 IL App (1st) 250186-U
No. 1-25-0186B

FIRST DIVISION
May 5, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____
—

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____
—

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 24-CR-2155 |
| | ) | |
| RICHARD VINET, | ) | |
| | ) | The Honorable |
| Defendant-Appellant. | ) | Maryam Ahmad, |
| | ) | Judge Presiding. |

_____
—

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Lavin and Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held:* The circuit court did not err when it granted the State's petition for pretrial detention and denied defendant's motion for relief.

¶ 2    Defendant, Richard Vinet, filed a Pretrial Fairness Act Appeal under Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024), from the circuit court's order entered on February 1, 2024, granting the State's petition for pretrial detention. For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4        On February 1, 2024, the State filed a petition for pretrial detention hearing alleging that the proof was evident or the presumption great that defendant committed the eligible offense of armed robbery. On the same day, the court held a pretrial detention hearing. Defendant represented himself at the pretrial detention hearing.

¶ 5                               Pretrial Detention Hearing

¶ 6        At the pretrial detention hearing, the State proffered that on January 31, 2024, at approximately 1:20 a.m., two individuals exited a rideshare at the 400 block of North Ogden in Chicago, Illinois. Defendant approached the individuals and brandished a revolver. Defendant told them, "Drop your s***. We will kill you." Victim one gave defendant his cellphone and wallet. Defendant then signaled to his co-offender, Ocampo, to come over. Ocampo approached victim two and forced him to remove his backpack and give his cellphone to defendant. Defendant fired his revolver twice into the air to intimidate them and told them to leave. They walked a block or two away. Victim two then realized he still had his Apple Watch, which he used to call the police. The police arrived within minutes. The victims described defendant as having tattoos on his neck, long hair, and wearing a black and red Chicago Blackhawks jersey. The State noted that this description matched defendant's in-court appearance.

¶ 7        Victim two tracked his phone from his Apple Watch and informed the police of its location. The police canvassed that area on the ground and in a helicopter. They separately located both defendant and Ocampo. The police brought defendant and Ocampo to the victims for identification. The victims identified both defendant and Ocampo as the individuals who had robbed them at gunpoint. The police then recovered the stolen cellphones, credit cards, and keys

from defendant's person. The police located Ocampo's vehicle a few blocks from where he was arrested and observed victim two's backpack in the vehicle.

¶ 8     The State then provided defendant's criminal background, which included four prior felony convictions: unlawful use of a weapon by a felon (2022), armed habitual criminal (2014), aggravated battery of a peace officer (2002), and armed robbery (1996). In addition, defendant had a 2023 misdemeanor conviction for intimidation in Indiana.

¶ 9     The State argued that the proof was evident or the presumption great that the defendant committed the detainable offense of armed robbery with a firearm. The victims identified him, he was arrested near the scene of the offense, and he was found in possession of the stolen items. Regarding dangerousness, the State noted the randomness of the act of violence. Defendant went to a location in the city "where people go out to have a good time," targeted two individuals that looked vulnerable, and pointed a gun at them. The State also noted defendant's criminal history of violent offenses. The State argued that defendant was unlikely to comply with any conditions of release because he was on parole at the time he committed this offense. Additionally, electronic monitoring would not prevent defendant from obtaining and using a firearm.

¶ 10    Defendant argued that the State "painted a real somewhat fraudulent picture because [the prosecutor] was not there." Later, while making a similar argument, defendant stated, "I was there." He argued that he was presumed innocent, was not dangerous, and that no one was harmed during the offense. He alleged that the State's proffer was a lie.

¶ 11    The circuit court granted the State's petition for pretrial detention finding that the State proved each prong by clear and convincing evidence. The court reiterated the State's proffer and determined that the proof was evident or the presumption great that defendant committed the offense of armed robbery. The court determined that defendant posed a real and serious threat to

the community based on the random nature of the offense, verbal threats to the victims, firearm use and discharge, and defendant's criminal history. The court determined that there were no set of conditions that would mitigate the risk defendant posed to the community since defendant committed a violent crime with a firearm while on parole, and electronic monitoring allowed two days of unfettered movement.

¶ 12                           725 ILCS 5/110-6.1(i-5) Hearing

¶ 13        During a subsequent hearing, defendant orally raised the issue of his pretrial release and requested that the circuit court determine whether continued detention was necessary pursuant to 725 ILCS 5/110-6.1(i-5). Relevant to the issue of pretrial detention, defendant argued that he was not a threat to the community and he was presumed innocent. In response, the State reiterated its proffer and arguments from the initial detention hearing. Defendant responded that the State's proffer was not factual, but rather a presumption. He pointed out that no witnesses had yet testified to the State's proffer. The circuit court determined that continued detention was necessary.

¶ 14                                     Motion for Relief

¶ 15        Defendant filed a *pro se* motion for relief pursuant to Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024) and a supplemental memorandum. In his motion and memorandum, defendant raised numerous issues unrelated to his pretrial detention: (1) he had never consented to the laws of any government and was independent of all laws; (2) the government violated its oath and due process; (3) the circuit court exceeded its statutory limits and relinquished personal jurisdiction; (4) he was deprived of physical access to the law library; (5) the grand jury indictment failed to comply with 725 ILCS 5/109-3.1; (6) 720 ILCS 5/32-7 deprives the court of personal and subject matter jurisdiction, and voids the judgment; (7) the State violated the fourth, fifth, and fourteenth amendments; and (8) the State owed him compensatory damages. The only issues defendant

arguably raised related to his pretrial detention were that (1) the circuit court failed to determine that his continued detention was necessary at each subsequent appearance, and (2) pretrial release was denied without the State presenting witness testimony.

¶ 16 At the hearing on defendant's motion for relief, he raised additional issues unrelated to his pretrial release. Additionally, he alleged that the State's petition for pretrial detention was untimely. He argued that he was not a flight risk and he was not a threat to the community. The State relied on its petition for pretrial detention and again reiterated its proffer and prior argument. The circuit court denied defendant's motion for relief. Defendant filed a notice of appeal. On appeal, in lieu of filing an appellate memorandum, defendant relied on the arguments raised in his motion for relief and supporting memorandum. The State filed a response. We review *de novo* the circuit court's denial of a defendant's pretrial release when the parties proceed by proffer. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 17 ANALYSIS

¶ 18 On appeal, the State argues that defendant's claims either exceed the narrow scope and purpose of pretrial detention review or have been waived. The State also contends that the circuit court did not err in its determination that pretrial detention was appropriate.

¶ 19 Pretrial release is governed by article 110 of the Code of Criminal Procedure of 1963 ("Code"), as recently amended by Public Act 101-652 (eff. Jan. 1, 2023), sometimes referred to as the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act" or the "Pretrial Fairness Act."[1] Under article 110 of the Code, a defendant's pretrial release may only be denied in certain limited situations. *See* 725 ILCS 5/110-2(a), 110-6.1.

---

[1] Our supreme court has recognized that "[n]either name is official, as neither appears in the Illinois Compiled Statutes or public acts." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n. 1.

¶ 20       If the State files a petition requesting denial of pretrial release, "the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that a defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of another person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution." *People v. Vingara*, 2023 IL App (5th) 230968, ¶ 7; 725 ILCS 5/110-6.1(e), (f). Our supreme court has instructed that "[e]vidence is clear and convincing if it leaves no reasonable doubt in the mind of the trier of fact as to the truth of the proposition in question." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74; see also *People v. Stock*, 2023 IL App (1st) 231753, ¶ 12 ("Clear and convincing evidence is that quantum of proof that leaves no reasonable doubt in the mind of the fact finder about the truth of the proposition in question." (Internal quotation marks omitted.))

¶ 21       The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense and the court concludes the defendant "poses a real and present threat to the safety of any person" or the community. 725 ILCS 5/110-6.1(a). The statute provides a non-exclusive list of "[f]actors to be considered in making a determination of dangerousness" that the trial court may consider in assessing whether the defendant poses such a threat. 725 ILCS 5/110-6.1(g). These include the nature and circumstances of any offense charged, the defendant's history and characteristics, the identity of any person whose safety the defendant is believed to threaten, and "[a]ny other factors, including those listed in Section 110-5 of this Article deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." 725 ILCS 5/110-6.1(g).

¶ 22 If the trial court finds the State proved a threat to the safety of any person or the community, the court must determine which pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a). In making this determination, the court must consider (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the real and present threat to the safety of any person or the community, based on the specific articulable facts of the case, that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id.*

¶ 23 "In criminal cases, '[a] notice of appeal confers jurisdiction on an appellate court to consider only *the judgments* or *parts of judgments* specified in the notice.' " (Emphasis in original.) *People v. Bingham*, 2018 IL 122008, ¶ 16 (quoting *People v. Lewis*, 234 Ill. 2d 32, 37 (2009). Section 110-6.6(a) states that all appeals of pretrial release decisions "shall be governed by Supreme Court Rules." 725 ILCS 5/110-6.6(a) (West 2024). Illinois Supreme Court Rule 604(h) recognizes four types of interlocutory orders that are "[a]ppealable." Ill. S. Ct. R. 604(h) (eff. Apr. 15 2024). Those appealable orders arise under sections 110-5, 110-6, and 110-6.1 of the Code but specifically include appeals

> "(i) by the State and by the defendant from an order imposing conditions of
> pretrial release;
> (ii) by the defendant from an order revoking pretrial release or by the State from
> an order denying a petition to revoke pretrial release;
> (iii) by the defendant from an order denying pretrial release; or
> (iv) by the State from an order denying a petition to deny pretrial release." Ill.
> S. Ct. R. 604(h)(1)(i)-(iv) (eff. Apr. 15 2024).

¶ 24       Defendant identifies the third paragraph as the basis for his appeal. However, defendant fails to explain how a majority of the issues raised in his motion for relief fit within this category. *Supra* ¶ 15. Rather, most of the issues in defendant's motion for relief contain arguments which fall outside the scope of the order denying him pretrial release. Accordingly, we disregard these issues as they are inappropriate for our review at this time. See generally *People v. Boose*, 2024 IL App (1st) 240031.

¶ 25       Rule 604(h)(2) states that "[a]s a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief" and "any issue not raised in the motion for relief *** shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15 2024). "The motion for relief will serve as the argument of the appellant on appeal***." Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15 2024) "***[T]he form of the appellants arguments must contain sufficient detail to enable meaningful appellate review, including the contentions of the appellant and the reasons therefore and citations of the record and any relevant authorities." *Id*. Furthermore, "[a] reviewing court is entitled to have the issues clearly defined and supported by pertinent authority and cohesive arguments; it is not merely a repository into which an appellant may dump the burden of argument and research, nor is it the obligation of this court to act as an advocate or seek error in the record." (Internal quotation marks omitted.) *Northbrook Bank & Trust Co. v. Abbas*, 2018 IL App (1st) 162971, ¶ 34 (quoting *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (1st Dist. 2009)).

¶ 26       We note that defendant's motion for relief contains largely incoherent and unfocused allegations. Liberally construed, we can decipher only two distinct arguments that are actually relevant to his pretrial detention. The two issues that defendant raised in his motion for relief that are relevant to his pretrial detention are (1) that the circuit court failed to determine that his

continued detention was necessary at each subsequent appearance since only one detention hearing was conducted, and (2) pretrial release was denied without the State presenting witness testimony.

¶ 27    Here, defendant's contentions fail to meet the requirements of Rule 604(h)(2) and Rule 604(h)(7) and are arguably waived. Regardless, both of his contentions that the circuit court failed to comply with 725 ILCS 5/110-6.1(i-5) (West 2024) is clearly rebutted by this record. The circuit court at each proceeding made explicit findings that "continued detention is necessary to avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or to prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(i-5) (West 2024). Furthermore, section 110-6.1(i-5) of the Code does not require the court to again make specific findings that the State proved the three propositions by clear and convincing evidence as required at the initial hearing. *People v. Casey*, 2024 IL App (3d) 230568, ¶ 13.

¶ 28    Defendant's contention that the State failed to present witness testimony at the pretrial hearing only highlights defendant's lack of understanding of the proceedings and the law. Section 110-6.1(f)(2) of the Code states in relevant part that "[t]he State or defendant may present evidence at the hearing by way of proffer based upon reliable information." 725 ILCS 5/110-6.1(f)(2) (West 2024). Thus, contrary to defendant's repeated assertion during the pretrial proceedings, the State's proffer was appropriate.

¶ 29    Accordingly, most, if not all, of the issues defendant raised in his motion for relief are inappropriate for our review at this time. To the extent any issues are appropriate for review, they are likely waived for failure to contain sufficient detail to enable meaningful appellate review, and in any event, they are clearly rebutted by the record or contrary to article 110 of the code.

¶ 30                                    CONCLUSION

¶ 31        For the reasons stated above, we affirm the decision of the circuit court of Cook County.

¶ 32        Affirmed.