2024 IL App (4th) 231455

NOS. 4-23-1455, 4-23-1456 (cons.)

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 20, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Fulton County |
| SHAUNA M. WINDSOR, | ) | Nos. 19CF275 |
| Defendant-Appellant. | ) | 20CF275 |
| | ) | |
| | ) | Honorable |
| | ) | Kenneth J. Hogan, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court, with opinion.
Justices Harris and DeArmond concurred in the judgment and opinion.

**OPINION**

¶ 1    Following the termination of her participation in drug court, defendant, Shauna

M. Windsor, appeals from the Fulton County circuit court's judgment denying her motion for

release from detention under section 110-6.2 of the Code of Criminal Procedure of 1963

(Procedure Code) (725 ILCS 5/110-6.2(a) (West 2022)) pending her sentencing for (1) unlawful

possession of methamphetamine in Fulton County case No. 19-CF-275 and (2) unlawful

possession of methamphetamine with intent to deliver in Fulton County case No. 20-CF-275.

¶ 2    Citing Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023), defendant filed

notices of appeal in both cases, asserting four separate grounds for relief. On appeal, this court

has docketed case Nos. 19-CF-275 and 20-CF-275 as appellate case Nos. 4-23-1455 and

4-23-1456, respectively. Following this court's consolidation of the two appeals, defendant did not file a memorandum in support of her claims. The State has filed a memorandum in opposition to defendant's appeals, asserting this court lacks jurisdiction or, alternatively, the trial court did not err when it denied defendant's motion for release.

¶ 3        We conclude Rule 604(h) does not authorize this court to review the trial court's order denying defendant's request for release entered under section 110-6.2(a) of the Procedure Code (725 ILCS 5/110-6.2 (West 2022)). Therefore, these consolidated appeals are dismissed for lack of jurisdiction.

¶ 4                                    I. BACKGROUND

¶ 5        In September 2019, the State charged defendant by information with one count of unlawful possession of methamphetamine, a Class 3 felony (less than five grams) (720 ILCS 646/60(b) (West 2018)) (count I), and one count of obstruction of justice, a Class 4 felony (720 ILCS 5/31-4(a) (West 2018)) (count II), in Fulton County case No. 19-CF-275.

¶ 6        In November 2020, the State charged defendant by information with unlawful possession of methamphetamine with intent to deliver, a Class 2 felony (720 ILCS 646/55(a)(1) (West 2018)) (count I); unlawful possession of methamphetamine (less than five grams), a Class 3 felony (*id.* § 60(b)(1)); and obstruction of justice, a Class 4 felony (720 ILCS 5/31-4(a) (West 2018)) (count III).

¶ 7        In December 2021, defendant signed jury waivers and entered pleas of guilty to (1) unlawful possession of methamphetamine in case No. 19-CF-275 and (2) unlawful possession of methamphetamine with intent to deliver in case No. 20-CF-275. Defendant also signed a form consenting to participate in Fulton County drug court in both cases. In the trial court's order directing defendant to complete the drug court program in the two cases, the Fulton County State's

Attorney's Office agreed to "defer a sentencing hearing on Defendant's 'open' or 'blind' guilty plea[s] presently pending in Fulton County until Defendant completes the Drug Court Program."

¶ 8        In January 2022, the trial court (1) entered a written order finding defendant violated the conditions of her drug court agreement and (2) ordered a no-bond warrant issued in the two cases.

¶ 9        In July 2022, the State filed a petition to terminate defendant from Fulton County drug court in both cases. According to the report of proceedings from a hearing held November 27, 2023, defendant admitted the State's petition to terminate defendant from the drug court program in the two cases. However, the record on appeal does not contain any documents memorializing the admission. Instead, defense counsel merely notes during the hearing, "I believe we admitted the [petition to terminate] for the drug court cases," to which the trial court responds, "Yes, I saw that admission in the file." The report of proceedings from the November 27 hearing also indicates defense counsel filed a motion for defendant's release pending sentencing in the two present cases, which was the subject of the hearing. However, no copy of the motion appears in the record on appeal; defense counsel explains during the hearing that the motion was mistakenly filed in a separate case involving defendant that is not relevant to this appeal. As we will explain further below, based on the written order the court entered following the hearing, defendant apparently sought release under section 110-6.2(a) of the Procedure Code (725 ILCS 5/110-6.2(a) (West 2022)).

¶ 10       Following testimony from defendant and arguments from counsel, the trial court denied defendant's motion. Following its decision, the court stated, "So we have admissions in the cases that are before me today as to the [petition to terminate]. It looks like that needs to be set for, for sentencing then, a PSI [(presentence investigation report)]? Has that been ordered?" In

response, defense counsel explained he and the state's attorney's office were working on an agreement for defendant's other pending cases, but a PSI would be forthcoming if a resolution were not reached by the next hearing date.

¶ 11 On November 30, 2023, the trial court entered a written order denying defendant's motion for release pending sentencing in the two cases. Specifically, the court's order stated as follows:

> "This matter comes before the Court for hearing on the motion of the Defendant Pursuant to 725 ILCS 5/110-6.2(a); after evidence and argument were presented[:] IT IS HEREBY ORDERED, that Defendant has failed to meet their burden in showing by clear and convincing evidence that the Defendant is not a flight risk based upon information provided at the hearing about prior warrants and failures to appear."

¶ 12 On December 1, 2023, defendant filed identical notices of appeal from the trial court's "September 19, 2023" order in both cases, citing Rule 604(h). Although this court finds no order of the trial court entered on that date in the record on appeal, defendant also asserts the hearing on "pretrial release" occurred on November 27, 2023. Defendant utilized the notice of appeal form in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. Rs. Art. VI Forms Appendix R. 606. The form lists several potential grounds for appellate relief and instructs the appellant to "check all that apply and describe *in detail*." (Emphasis added.) *Id.* In both notices, defendant checked the following four grounds for relief:

> "The State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged.

- 4 -

The State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case.

The State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or defendant's willful flight.

The court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor."

Defendant did not provide any additional argument in the blank spaces below each ground for relief. She further requested the court's order be "overturned" and that she be allowed on release with the imposition of conditions. Defendant has not filed a memorandum in support of her appeals.

¶ 13    On January 24, 2024, the State filed a memorandum in opposition to defendant's appeals.

¶ 14                                    II. ANALYSIS

¶ 15    Initially, we note that this disposition was due February 13, 2024. Although we made every effort to comply with the time requirements of Rule 604(h), deliberations on this matter required additional time and thus we find good cause for filing beyond the deadline.

¶ 16    In her notices of appeal, defendant requests this court (1) reverse the trial court's order denying her motion for release and (2) allow defendant to be released from detention with

the imposition of conditions. The State contends this court lacks jurisdiction to review the court's order or, alternatively, the order did not constitute an abuse of discretion warranting reversal. The threshold question in this case is whether Rule 604(h), defendant's asserted jurisdictional basis for these appeals, vests this court with jurisdiction to review the court's order entered under section 110-6.2 of the Procedure Code, which is a matter of first impression for this court. We conclude it does not, and therefore these consolidated appeals must be dismissed.

¶ 17        "The filing of a notice of appeal 'is the jurisdictional step which initiates appellate review.' " *People v. Smith*, 228 Ill. 2d 95, 104 (2008) (quoting *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6, 7 (1998)). While this step is jurisdictional, Illinois courts are to construe the appellant's notice "liberally." *Id.* Along with applicable statutes, this court's "appellate jurisdiction turns on litigants' compliance with the rules of the Illinois Supreme Court." *City of Aurora v. Greenwood*, 2022 IL App (2d) 210341, ¶ 9. If this court lacks jurisdiction, the appeal must be dismissed. *In re Marriage of Baumgartner*, 2014 IL App (1st) 120552, ¶ 33. Whether the appellate court has jurisdiction is a question of law, which this court reviews *de novo*. *People v. Van Dyke*, 2020 IL App (1st) 191384, ¶ 41 (citing *In re Marriage of Kelly*, 2020 IL App (1st) 200130, ¶ 21).

¶ 18        As an initial matter, in defendant's notices of appeal, she lists the date of the order appealed from as "September 19, 2023." As stated above, no such order appears in the record. However, defendant lists the date of the detention hearing as "November 27, 2023," which aligns with the trial court's initial decision denying defendant's motion for release. Furthermore, in her relief requested, defendant states, "Overturning the Trial Court's ruling denying Defendant[']s Release and allowing Defendant to be released from detention with an imposition of conditions for release." Accordingly, in our liberal construction of defendant's notice, we conclude

defendant's reference to September 19, 2023, is a scrivener's error, and that the order appealed from is the written order denying defendant's motion for release, which was entered November 30, 2023.

¶ 19      Returning to our analysis, this court interprets supreme court rules—such as Rule 604(h) in this case—in the same way we interpret statutes, meaning we ascertain and give effect to the drafter's intent by giving the language its plain and ordinary meaning. *Lake Environmental, Inc. v. Arnold*, 2015 IL 118110, ¶ 12. Accordingly, this court "may not inject provisions that are not found in a statute" or supreme court rule. See *People v. Roberts*, 214 Ill. 2d 106, 116 (2005).

¶ 20      Defendant purports to bring this appeal under Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023). Paragraph (h) of Rule 604 is titled, "(h) Appeals From Orders Imposing Conditions of Pretrial Release, Granting or Denying a Petition to Deny Pretrial Release, or Revoking or Refusing to Revoke Pretrial Release." *Id.* Subparagraph (1) of paragraph (h) provides as follows:

> "(1) *Orders Appealable*. An appeal may be taken to the Appellate Court from an interlocutory order of court entered under sections 110-5, 110-6, and 110-6.1 of the Code of Criminal Procedure of 1963 as follows:
>
> > (i) by the State and by the defendant from an order imposing conditions of pretrial release;
> >
> > (ii) by the defendant from an order revoking pretrial release or by the State from an order denying a petition to revoke pretrial release;
> >
> > (iii) by the defendant from an order denying pretrial release; or
> >
> > (iv) by the State from an order denying a petition to deny pretrial release." *Id.*

¶ 21    In this case, the order defendant appeals from was entered under section 110-6.2 of the Procedure Code (725 ILCS 5/110-6.2 (West 2022)), which is titled "Post-conviction Detention." More specifically, the trial court denied defendant release from detention under subsection (a) of section 110-6.2, which states as follows:

> "The court may order that a person who has been found guilty of an offense and who is waiting imposition or execution of sentence be held without release unless the court finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community if released under Sections 110-5 and 110-10 of this Act." *Id.* § 110-6.2(a).

Section 110-6.6 of the Procedure Code, titled, "Appeals," further provides, "Appeals under this Article shall be governed by Supreme Court Rules." *Id.* § 110-6.6(a). Because section 110-6.2(a) appears in the same article as section 110-6.6, any potential appeal from an order entered under section 110-6.2 must comply with supreme court rules. See *id.*

¶ 22    A plain reading of Rule 604(h)(1) indicates orders entered under section 110-6.2 are not appealable under this rule. Ill. S. Ct. R. 604(h)(1) (eff. Oct. 19, 2023). The rule indicates appeals may be taken from orders entered under "sections 110-5, 110-6, and 110-6.1" of the Procedure Code. Section 110-6.2 is notably absent from this exhaustive list. See *id.* Furthermore, the title of Rule 604(h) indicates it intends to provide for "Appeals From Orders Imposing Conditions of Pretrial Release, Granting or Denying a Petition to Deny Pretrial Release, or Revoking or Refusing to Revoke Pretrial Release." *Id.* The key word used throughout this rule is *pretrial.* In contrast, section 110-6.2 specifically governs "post-conviction detention" according to its title. 725 ILCS 5/110-6.2 (West 2022). Section 110-6.2(a), by its terms, applies to those persons who have been found guilty of an offense and are awaiting the imposition or execution of the

sentence. *Id.* § 110-6.2(a). One who has been found guilty of an offense and awaits only a sentencing decision cannot be said to remain in the "pretrial" phase of criminal proceedings for purposes of Rule 604(h).

¶ 23     We acknowledge section 110-6.2(a) does provide for the trial court's finding "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community if released under Sections 110-5 and 110-10 of this Act" (*id.*) and that orders entered under section 110-5 are reviewable under Rule 604(h)(1). See Ill. S. Ct. R. 604(h)(1) (eff. Oct. 19, 2023). However, this textual reference to section 110-5 within section 110-6.2 is not sufficient to convert a court's order under section 110-6.2 into one entered under section 110-5 for purposes of Rule 604(h). Instead, this language merely establishes the court should consider the provisions of sections 110-5 and 110-10 in its ultimate determination of whether there is clear and convincing evidence that defendant is "not likely to flee or pose a danger to any other person or the community if released." Section 110-5, titled "Determining the amount of bail and conditions for release," outlines the factors the court should consider when ordering pretrial release, such as the nature and circumstances of the offense, the weight of the evidence against the defendant, and the history and characteristics of the defendant, as well as instructions for how a detention hearing should be conducted. 725 ILCS 5/110-5 (West 2022). It does not, on its own, constitute an independent basis for detention. Compare *id.* with *id.* § 110-6.1(a) (providing for pretrial detention upon verified petition by the State). Section 110-10, in turn, provides mandatory conditions for a defendant's pretrial or postconviction release. See *id.* § 110-10. When considering the nature of these two sections within the context of section 110-6.2, they merely serve as guideposts for the court's detention decision. Ultimately, an order to detain or release a defendant who has been found guilty and is awaiting the imposition or execution of his sentence is still an order entered

under section 110-6.2, even if such a determination is partially based on considerations found in other provisions found in article 110.

¶ 24 We also find support for our conclusion in the history and practices of our appellate courts. This court has found only one instance of the Illinois Appellate Court reviewing an order entered under section 110-6.2, which occurred recently in *People v. Singleton*, 2024 IL App (4th) 231104-U. In that case, the State appealed from the trial court's order allowing the defendant's release pending a hearing on the State's petition to revoke the defendant's conditional discharge. *Id.* ¶ 15. Specifically, the State argued section 110-6.2 did not apply to individuals detained on a petition to revoke conditional discharge. *Id.* Notably, neither party argued this court lacked jurisdiction to review the appeal, and this court did not *sua sponte* raise the issue. This court affirmed, ultimately determining—without expressly determining whether section 110-6.2 applied to the defendant—that the State failed to show the trial court abused its discretion when it allowed the defendant to be released. *Id.* ¶ 18. Citing section 5-6-4(b) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-6-4(b) (West 2022)), this court reasoned that an offender, such as the defendant, was entitled to pretrial release "pending the [revocation] hearing unless the alleged violation is itself a criminal offense in which case the offender shall be admitted to pretrial release on such terms as are provided" in the Procedure Code (see 725 ILCS 5/110-1 *et seq.* (West 2022)). Accordingly, this court found defendant was entitled to release pending a hearing on the State's petition under section 5-6-4(b) of the Unified Code (730 ILCS 5/5-6-4(b) (West 2022)), subject to terms and conditions provided in article 110 of the Procedure Code (725 ILCS 5/110-1 *et seq.* (West 2022)). *Singleton*, 2024 IL App (4th) 231104-U, ¶¶ 19-20. Again, this court's decision was primarily based on a conclusion that the State had failed to meet its burden of showing an abuse

of discretion occurred—not a conclusion that section 110-6.2 even applied to that particular defendant. *Id.* ¶ 21.

¶ 25 The present case is distinguishable from *Singleton*. In contrast to the defendant in that case, who was awaiting a hearing on the State's petition to revoke his conditional discharge, defendant in this case has already pleaded guilty and admitted to the State's petition to terminate defendant from the drug court program. Furthermore, the defendant in *Singleton* remained in the adjudicatory phase of his petition to revoke; here, all that remains is the imposition of defendant's sentences. Accordingly, the provisions of the Unified Code upon which this court relied in *Singleton* when it determined the State failed to show the trial court had abused its discretion are not applicable to defendant. Moreover, this court did not consider the question of its jurisdiction under Rule 604(h) when it affirmed the trial court's judgment. Due to these significant differences, we do not find our decision in this case conflicts with *Singleton*.

¶ 26 The only other instance wherein an appeal was taken from an order entered under section 110-6.2 was in *People v. Williams*, 143 Ill. 2d 477 (1991). In *Williams*, after the defendant was convicted of two counts of unlawful delivery of a controlled substance, the trial court allowed him to remain released on his pretrial bond pending appeal pursuant to an earlier version of section 110-6.2(b) of the Procedure Code (see Ill. Rev. Stat. 1989, ch. 38, ¶ 110-6.2(b)). *Williams*, 143 Ill. 2d at 479. At a later hearing to determine whether the trial court's decision conformed with the law, the trial court determined that section was unconstitutional and allowed defendant to remain released on bond. *Id.* The State appealed directly to the Illinois Supreme Court under Rule 603 (Ill. S. Ct. R. 603 (eff. July 1, 1971) ("Appeals in criminal cases in which a statute *** of this State has been held invalid shall lie directly to the Supreme Court as a matter of right."). The supreme court ultimately determined the earlier version of section 110-6.2(b) was unconstitutional. *Williams*, 143

Ill. 2d at 479. However, because this was an appeal directly to the supreme court due to the trial court's determination the statute was unconstitutional, there was no occasion to discuss whether such an order would have been reviewable by the Illinois Appellate Court in the absence of an attack on the statute's constitutional validity. Accordingly, we conclude the supreme court's decision in *Williams* similarly does not conflict with our holding here.

¶ 27　　　　　Section 110-6.2 has existed in some form since 1989 (see Pub. Act 86-984 (eff. Dec. 13, 1989) (adding Ill. Rev. Stat. 1989, ch. 38, ¶ 110-6.2)). Since then, only two appeals have been taken from orders entered under that section: one in which the supreme court determined a previous version of a different subsection was unconstitutional in a Rule 603 appeal (see *Williams*, 143 Ill. 2d at 479, 485), and the other in which this court, in an unpublished decision, decided the case on grounds unrelated to that section and where the issue of jurisdiction was not argued or considered (*Singleton*, 2024 IL App (4th) 231104-U). When this lack of precedent is considered along with the plain language of section 110-6.2 and Rule 604(h), we cannot confirm the existence of a historic right to appeal orders entered under section 110-6.2 pursuant to Rule 604(h) on an interlocutory basis.

¶ 28　　　　　In conclusion, we note our holding is limited to the conclusion that this court lacks jurisdiction under Rule 604(h) to review a trial court's denial of a motion for release entered pursuant to section 110-6.2 of the Procedure Code. We express no opinion as to whether such an order may be appealable on some other basis not asserted by defendant in her notices of appeal in these cases. Even construing defendant's notices liberally, we conclude she has failed to assert a valid basis for appellate jurisdiction in these consolidated cases. Accordingly, the appeals are dismissed.

¶ 29　　　　　　　　　　　　　　III. CONCLUSION

¶ 30   For the reasons stated, we dismiss the appeals for lack of jurisdiction.

¶ 31   Appeals dismissed.

---

*People v.* **Windsor, 2024 IL App (4th) 231455**

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Fulton County, Nos. 19-CF-275, 20-CF-275; the Hon. Kenneth J. Hogan, Judge, presiding. |
| **Attorneys for Appellant:** | Carolyn R. Klarquist, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys** | |

**for Appellee:** Patrick Delfino, David J. Robinson, and Eric Borneman of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People.