2024 IL App (1st) 240031
No. 1-24-0031B
Opinion filed April 10, 2024

Sixth Division

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

|  |  |  |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23111156201 |
| LISA BOOSE, | ) ) ) | The Honorable Anthony Calabrese, Judge, presiding. |
| Defendant-Appellant. | ) ) | |

_____

JUSTICE HYMAN delivered the judgment of the court, with opinion.
Presiding Justice Oden Johnson and Justice Tailor concurred in the judgment and opinion.

**OPINION**

¶ 1   Illinois lawyers and judges are grappling with a watershed change to pretrial detention under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. In this interlocutory appeal, Lisa Boose challenges a provision permitting the trial court to impose jail time as a sanction for the violation of a pretrial condition of release. But to reach her claims, we must have jurisdiction. And we hold that we do not. Thus, however

compelling her claims may be in the abstract, we have to dismiss this appeal as lacking a basis under the Code and the Illinois Supreme Court rules.

¶ 2                                    Background

¶ 3      Lisa Boose petitioned for credit under the County Jail Good Behavior Allowance Act (730 ILCS 130/3 (West 2022)) after the trial court ordered her to spend 30 days in the Cook County jail as a sanction for violating a condition of her pretrial release. She appeals the denial of her petition for 30 days' credit against some future sentence of imprisonment if convicted.

¶ 4      This prosecution began before amendments to the Code effectively eliminated cash bail in favor of a new detention system. See *Rowe v. Raoul*, 2023 IL 129248, ¶ 52. The State charged Boose by information with retail theft (720 ILCS 5/16-25(a)(1) (West 2022)). Boose appeared before the trial court, which imposed an unsecured bond with the condition that she does not contact Walgreens and return to court as directed. But Boose missed the next court date. So, the trial court issued a warrant for her arrest with a secured bond.

¶ 5      Boose's arrest occurred after the effective date of the Pretrial Fairness Act. She appeared before the trial court, which released her and set a date for the preliminary hearing. But Boose again failed to appear. Again, the trial court issued an arrest warrant. After Boose's second arrest, the State petitioned for sanctions under a new provision to the Code. See 725 ILCS 5/110-6(c)-(f) (West 2022) (outlining sanctions process under Code as amended by Pretrial Fairness Act). The State's petition does not appear in the record, but at a hearing on that petition, the trial court sanctioned Boose to 30 days' imprisonment for her failure to appear.

¶ 6      While serving that sanction, Boose petitioned for sentence credit, arguing the sanction she received was like a finding of criminal contempt and should qualify for credit under the County Jail Good Behavior Allowance Act (730 ILCS 130/1 *et seq.* (West 2022)). As relief, Boose asked

the trial court to enter an order directing "the Cook County Sheriff to grant day-for-day good time credit for every day that [she] is in custody for this violation." The trial court heard arguments and denied the petition.

¶ 7    But the trial court hoped that a reviewing court would rule on the merits of Boose's contentions, which it found "compelling." The trial court noted that Boose's counsel from the Cook County Public Defender's Office and counsel for the State found themselves "in uncharte[d] waters" with the Pretrial Fairness Act's amendments and "the public defender certainly has the right to appeal and, perhaps, the obligation to appeal."

¶ 8    Boose appeals, arguing (i) exceptions to the mootness doctrine permit this court to review her contentions, (ii) the new sanctions process under the Code is facially unconstitutional, and (iii) alternatively, her sanction is eligible for sentence credit under the County Jail Good Behavior Allowance Act.

¶ 9                                   Analysis

¶ 10   The parties proceed as if this court has jurisdiction. Still, we have an "independent duty" to determine jurisdiction. *People v. Lewis*, 234 Ill. 2d 32, 36 (2009). Indeed, "the ascertainment of [our] jurisdiction is one of the *** most important tasks of an appellate court panel when beginning the review of a case." *People v. Smith*, 228 Ill. 2d 95, 106 (2008).

¶ 11   Nor may we defer to the trial court's assertion that Boose "certainly" had a right to appeal its ruling. We review jurisdiction *de novo* without deference to the trial court. *People v. Salem*, 2016 IL 118693, ¶ 11. We hold that we lack jurisdiction.

¶ 12   Boose filed a notice of appeal before the deadline the trial court had set. Generally, the filing of a notice of appeal initiates appellate review. See, *e.g.*, *Salem*, 2016 IL 118693, ¶ 16 (analyzing timeliness of defendant's filing under statute and supreme court rule). But appellate

jurisdiction ultimately turns on the parties' compliance with pertinent statutes and the rules of the Illinois Supreme Court. *People v. Windsor*, 2024 IL App (4th) 231455, ¶ 17.

¶ 13    Boose purports to appeal under section 110-6.6(a) of the Code of Criminal Procedure and Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023). Section 110-6.6(a) provides that all appeals of pretrial release decisions "shall be governed by Supreme Court Rules." 725 ILCS 5/110-6.6(a) (West 2022). In turn, Rule 604(h) identifies four types of interlocutory orders that are "[a]ppealable." Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023). Those appealable orders generally arise under sections 110-5, 110-6, and 110-6.1 of the Code but specifically include appeals

> "(i) by the State and by the defendant from an order imposing conditions of pretrial release;
>
> (ii) by the defendant from an order revoking pretrial release or by the State from an order denying a petition to revoke pretrial release;
>
> (iii) by the defendant from an order denying pretrial release; or
>
> (iv) by the State from an order denying a petition to deny pretrial release." Ill. S.Ct. R. 604(h)(i)-(iv) (eff. Dec. 7, 2023).

Boose identifies the third paragraph as her basis: an appeal by the defendant from an order denying pretrial release. Ill. S. Ct. R. 604(h)(iii) (eff. Dec. 7, 2023).

¶ 14    But Boose fails to explain how denial of her petition for credit under the County Jail Good Behavior Allowance Act fits within this category. Generally, we interpret statutes and the Illinois Supreme Court rules with an eye toward plain and ordinary meaning of the language used. *Windsor*, 2024 IL App (4th) 231455, ¶ 19. Given a plain and ordinary reading of Rule 604(h)(iii) (Ill. S. Ct. R. 604(h)(iii) (eff. Dec. 7, 2023)), Boose's appeal lacks a factual basis. The record shows

the trial court has never denied her pretrial release. On the contrary, that she was sanctioned for violating a condition of pretrial release shows the opposite: She was on pretrial release.

¶ 15    Nor can we discern a statutory basis for Boose's appeal. *Cf. People v. Young*, 2018 IL 122598, ¶ 14 (holding Rules 651 and 606 provide appellate jurisdiction when defendant timely files notice of appeal from dismissal of successive postconviction petition). Rule 604(h) identifies the Pretrial Fairness Act's amendments to sections 110-5, 110-6, and 110-6.1 of the Code (see 725 ILCS 5/art. 110 (West 2022)) as possible sources for interlocutory appeals. Ill. S. Ct. R. 604(h) (eff. Dec. 7, 2023). Yet Boose brought her petition for credit under a distinct law, section 3 of the County Jail Good Behavior Allowance Act (730 ILCS 130/3 (West 2022)). See *Windsor*, 2024 IL App (4th) 231455, ¶ 28 (holding appellate court lacked jurisdiction under Rule 604(h) to review denial of motion for release under section 110-6.2 of Code). We "may not inject provisions that are not found in a statute" or the Illinois Supreme Court rules. *People v. Roberts*, 214 Ill. 2d 106, 116 (2005).

¶ 16    Still, we do not suggest Boose's contentions lack a "compelling" quality, as the trial court described them. And Boose may raise them again when the time is right. See, *e.g.*, Ill. S. Ct. R. 472(a)(3), (c) (eff. May 17, 2019) (granting trial then appellate jurisdiction to correct "[e]rrors in the calculation of presentence custody credit" first raised in postjudgment motion); 730 ILCS 130/2 (West 2022) (defining "good behavior allowance" as "days awarded in diminution of sentence as reward for good behavior"); *People v. Thompson*, 2015 IL 118151, ¶ 32 (discussing void *ab initio* doctrine). We hold the Code and the Illinois Supreme Court rules do not allow us to reach them in this interlocutory appeal.

¶ 17                                    Conclusion

¶ 18    Reviewing courts must assure themselves of their jurisdiction no matter how compelling the appeal's merits. Boose's interlocutory appeal lacks a proper basis.

¶ 19    Appeal dismissed.

---

*People v. Boose*, 2024 IL App (1st) 240031

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 23111156201; the Hon. Anthony Calabrese, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Sharone R. Mitchell Jr., Public Defender, of Chicago (Ross K. Holberg, Assistant Public Defender, of counsel), for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (David Greenspan, Assistant State's Attorney, of counsel), for the People. |

---