2025 IL App (2d) 240616
No. 2-24-0616
Opinion filed January 23, 2025

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of De Kalb County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-499 |
| GEOFFREY P. SEYMORE, | ) ) | Honorable Joseph C. Pederson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices Hutchinson and Schostok concurred in the judgment and opinion.

**OPINION**

¶ 1 Defendant, Geoffrey P. Seymore, violated the terms of his pretrial release. The court granted the State's motion to sanction defendant to 30 days' imprisonment in the county jail without good-time credit, and it subsequently denied defendant's Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024) motion for relief. Defendant appeals under Rule 604(h), arguing that he was entitled to 15 days of credit pursuant to section 3 of the County Jail Good Behavior Allowance Act (Behavior Allowance Act) (730 ILCS 130/3 (West 2022)). For the following reasons, we reverse and vacate the court's sanction order in part, to the extent that it ordered defendant imprisoned without good-time credit.

¶ 2                                    I. BACKGROUND

¶ 3     On September 9, 2024, after defendant was charged with various drug-related crimes, the court denied the State's petition to detain pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). However, as one of the conditions of pretrial release, defendant was placed on electronic home monitoring, the terms of which he violated the next day.

¶ 4     The State petitioned for sanctions pursuant to section 110-6(f) of the Code of Criminal Procedure of 1963 (Code), as amended (725 ILCS 5/110-6(f) (West 2022)). Specifically, when a defendant violates conditions of pretrial release, section 110-6(f) allows the court to sanction the defendant with a verbal or written admonishment, up to 30 days' imprisonment in the county jail, or the modification of pretrial release conditions. *Id.* Here, the State requested that the court impose upon defendant a sanction of 30 days' imprisonment in the county jail. On September 13, 2024, the court granted the motion, imposing a sanction of 30 days' imprisonment and noting that good-conduct credit did not apply to the sanction. Further, in the written order, the court specified, "no good time to apply."

¶ 5     On September 19, 2024, defendant filed a Rule 604(h)(2) motion for relief, in which he argued that, according to section 3 of the Behavior Allowance Act (730 ILCS 130/3 (West 2022)),

---

[1]Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), has been referred to as the "Pretrial Fairness Act" and the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act"; however, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 & n.1.

he was entitled to day-for-day credit during his 30-day sanction period. Defendant requested that the court enter an order directing the sheriff to grant day-for-day, good-conduct credit for every day that he was in custody.

¶ 6    On September 26, 2024, the court denied defendant's motion for relief, again concluding that he was not entitled to good-conduct credit for his sanction of imprisonment. It noted that the plain language of section 110-6 of the Code, as amended, referenced a "sanction" of imprisonment, not a "sentence" of imprisonment, and "if the legislature had intended that this was a finding of contempt that would also then entitle him to good[-]conduct behavior [credit], they could have included that in the statute."

¶ 7    On October 15, 2024, defendant filed a Rule 604(h) appeal, using the form notice promulgated under Illinois Supreme Court Rule 606(d) (eff. Apr. 15, 2024). The template instructed defendant to check one of the following three options to describe the "nature of order appealed," namely, an order (1) denying pretrial release, (2) revoking pretrial release, or (3) imposing conditions of pretrial release. See Ill. S. Ct. Rs. Art. VI Forms Appendix R. 606(d). Defendant checked none of those boxes. Instead, he manually designed a fourth box, which he checked and named "sanctions." Defendant has since filed a Rule 604(h) memorandum, and the State has responded.

¶ 8                                 II. ANALYSIS

¶ 9    On appeal, defendant argues that the court erred by ordering him to serve 30 days in the county jail, with "no good time to apply," where the Behavior Allowance Act applies to all sentences of incarceration, with only specific exceptions, none of which apply here. Although he has completed the sanctions term, defendant argues that this issue is not moot because it is an issue of public importance and is capable of repetition, yet evading review.

¶ 10    In addition, defendant contends that our jurisdiction is proper. He argues that, even setting aside Rule 604(h), the sanctions order was a final, appealable order, similar to an order in a criminal contempt proceeding and collateral to the criminal case against him. Moreover, defendant argues that Rule 604(h)(1) encompasses a sanctioning order requiring a jail term because that order: imposes the condition of jail time before continuing pretrial release (Ill. S. Ct. R. 604(h)(1)(i) (eff. Apr. 15, 2024)); temporarily revokes or denies pretrial release (Ill. S. Ct. R. 604(h)(1)(ii) (eff. Apr. 15, 2024)); and, when the court imposed the sanction, it denied defendant's request for release without sanctions and, thus, the order "is the equivalent of" an order denying pretrial release. Further, defendant notes that the Code allows a defendant to appeal any order denying his or her pretrial release (725 ILCS 5/110-6.1(j) (West 2022)), which, he argues, the 30-day jail sanction accomplished. Finally, defendant argues that this case is distinguishable from *People v. Boose*, 2024 IL App (1st) 240031, ¶ 16, which held jurisdiction lacking in similar circumstances, because, unlike the defendant in that case, he is challenging a final sanctioning order and was not petitioning for future sentencing credit.

¶ 11    In its response, the State does not argue that defendant's appeal is moot, nor does it address the merits of defendant's argument that he was entitled to day-for-day credit while serving his sanction. Rather, it argues only that we lack jurisdiction over the appeal. Specifically, the State argues that defendant is not appealing from a pretrial detention or release order. Relying on *Boose*, it argues that jurisdiction turns on the parties' compliance with pertinent statutes and supreme court rules but, where defendant has appealed pursuant to Rule 604(h), there is no basis for an interlocutory appeal where the sanctions order does not impose conditions of release, revoke or refuse to revoke pretrial release, deny pretrial release, or refuse to deny pretrial release. As there

is no basis under Rule 604(h) for an interlocutory appeal of sanctions, the State argues that we lack jurisdiction of the appeal and must dismiss it. We disagree.

¶ 12    We conclude that we properly possess jurisdiction, as we believe that the sanctions order requiring defendant to serve 30 days in the county jail falls within Rule 604(h)'s enumerated bases for interlocutory appeal. As the State notes, defendant is not appealing the initial order that denied the State's petition for pretrial detention and set his pretrial conditions. Nevertheless, the court's order granting the State's petition for sanctions and ordering a term of imprisonment is, at a minimum, an order revoking pretrial release, albeit temporarily, under Rule 604(h)(1)(ii). Further, it is an order imposing conditions of release under Rule 604(h)(1)(i); namely, serving the sanction became a condition of continued release. Additionally, it is also arguably an order denying pretrial release under Illinois Supreme Court Rule 604(h)(1)(iii) (eff. Apr. 15, 2024), again, albeit, temporarily. We note that one of the alternative sanctions available to courts in response to a violation of pretrial release is a "modification of the defendant's pretrial conditions" (725 ILCS 5/110-6(f)(4) (West 2022)), which appears to fall squarely within an enumerated basis for appeal under Rule 604(h)(1)(i) (an order imposing conditions of pretrial release)), thus raising the question of why an interlocutory appeal of that sanction is likely permissible, but not the sanction of imprisonment, which implicates liberty interests.

¶ 13    We do not agree with the State that *Boose* requires a different conclusion. In *Boose*, after the defendant missed multiple court dates, the State petitioned for sanctions under section 110-6(f), and the court sanctioned the defendant to 30 days' imprisonment for her failure to appear. *Boose*, 2024 IL App (1st) 240031, ¶ 5. While serving the sanction, the defendant petitioned for sentencing credit, arguing that her sanction was like a finding of criminal contempt, and therefore should qualify for credit under Behavior Allowance Act, and requesting that the court direct the

sheriff to grant day-for-day credit for every day that she was in custody for the violation. *Id.* ¶ 6. The trial court found the defendant's arguments " 'compelling,' " but denied the petition. *Id.* ¶ 7.

¶ 14 The defendant appealed "the denial of her petition for 30 days' credit against some future sentence of imprisonment if convicted." *Id.* ¶ 3. The appellate court, however, determined that it lacked jurisdiction. *Id.* ¶ 11. It noted that the defendant purportedly pursued her appeal pursuant to section 110-6.6(a) of the Code (725 ILCS 5/110-6.6(a) (West 2022) (providing that appeals of pretrial release decisions shall be governed by supreme court rules)) and Rule 604(h). *Boose*, 2024 IL App (1st) 240031, ¶ 13. However, although the court recognized that Rule 604(h) appeals generally arise under various sections of the Code that include section 110-6, it disagreed with the defendant's identified Rule 604(h) *basis* for her appeal. *Id.* ¶¶ 13-14. Specifically, the court noted that defendant identified her appeal as being one from an order *denying* pretrial release (under Rule 604(h)(iii)), but did not explain how denial of her petition for credit under the Behavior Allowance Act would fit within that category, particularly given that such an assertion lacked a factual basis, because she was never denied pretrial release and was on release when sanctioned for violating a condition thereof. *Id.* ¶ 14. The court further determined that there was no statutory basis for the appeal, as the defendant distinctly brought her petition for credit pursuant to section 3 of the Behavior Allowance Act, but that was not a provision identified by Rule 604(h) as a possible source for an interlocutory appeal. *Id.* ¶ 15. Finally, the court clarified that it was not suggesting that the defendant's contentions were not " 'compelling,' " only that they were not properly raised in an interlocutory fashion and, instead, could be raised again "when the time is right." *Id.* ¶ 16.

¶ 15 It appears that, because the defendant in *Boose* argued only one basis for her Rule 604(h) appeal (denial of pretrial release), which the court found inapplicable to the facts before it, the court did not analyze whether the order satisfied one of the alternative bases for a Rule 604(h)

appeal. Here, in contrast, defendant argues that the order sanctioning him to imprisonment without good-time credit is of a nature that falls within more than one of Rule 604(h)'s enumerated categories. In fact, we presume this is why defendant added his own category—"sanctions"—to the form notice of appeal, because although he contends that the order falls within multiple categories, the form instructed that he could check only one. And, here, we agree that the sanctions order revoked pretrial release, modified the conditions of release, and denied pretrial release, albeit temporarily.

¶ 16    Next, in a related subject, we address mootness. The State does not argue that this appeal is moot, but mootness impacts jurisdiction, as "[t]he existence of an actual controversy is an essential requisite to appellate jurisdiction, and courts of review will generally not decide abstract, hypothetical, or moot questions." *In re Marriage of Nienhouse*, 355 Ill. App. 3d 146, 149 (2004). We review *de novo* whether a case is moot. See *Benz v. Department of Children & Family Services*, 2015 IL App (1st) 130414, ¶ 31.

¶ 17    Here, the case is moot, in the sense that defendant already served the sanction he challenges. See *In re Benny M.*, 2017 IL 120133, ¶ 17 (an appeal is moot when intervening events have made it impossible to grant effectual relief); *People v. Tibbs*, 2025 IL App (4th) 240378, ¶ 15 (where the defendant had served his 90-day sentence, appellate court could not grant effectual relief, and appeal was moot (although an exception applied)). However, defendant contends that exceptions to mootness apply, and we agree.

¶ 18    Specifically, the question presented is whether a defendant who is serving jail time as a section 110-6(f) sanction may have that time reduced by good-conduct credit under section 3 of the Behavior Allowance Act. As such, we believe a clear showing has been made that the issue satisfies the public-interest exception to mootness because it (1) presents a question of public

importance, *i.e.*, identifying section 110-6(f) pretrial incarceration periods that comply with law and, hence, due process; (2) that will likely recur; and (3) our answer will guide public officers in the performance of their duties. See *Tibbs*, 2025 IL App (4th) 240378, ¶¶ 16-18; *In re N.R.*, 172 Ill. App. 3d 14, 15 (1988) ("question of good[-]time [credit] for county jail sentences is likely to recur frequently, and it would assist the administration of the court system if this question is addressed"). Alternatively, a clear showing has been made that the issue is also capable of repetition, yet evading review, due to the short duration of a jail sanction, which, under section 110-6(f) may not exceed 30 days, as well as the fact that defendant may, if he commits another violation of pretrial-release conditions, be subject to future identical sanctions. See *In re Craig H.*, 2022 IL 126256, ¶ 20.

¶ 19    Finally, we address the merits of defendant's argument, namely, that the court erred in finding that defendant's 30 days of imprisonment were to be served without good-conduct credit. We note again that the State did not address this issue in its memorandum, and it has, accordingly, forfeited any argument that defendant was not entitled to credit. Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). In any event, forfeiture is a limitation on the parties, not the court, and we may address a forfeited issue where necessary to obtain a just result or maintain a sound body of precedent. *People v. Acosta*, 2024 IL App (2d) 230475, ¶ 15. Whether a court imposed a sanction that was unauthorized by statute is a question of statutory interpretation; thus, our review is *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45; *People v. Swan*, 2023 IL App (5th) 230766, ¶ 16.

¶ 20    The Code, as amended—and, in particular, section 110-6(f)—is silent on this issue. Indeed, the trial court believed that "if the legislature had intended that this was a finding of contempt that would also then entitle him to good[-]conduct behavior [credit], they could have included that in the statute." Respectfully, however, the plain language of the statute reflects that the presumption

runs the other way. See *In re Craig H.*, 2022 IL 126256, ¶ 25 (the fundamental objective of statutory construction is to ascertain and give effect to the intent of the legislature, the best evidence of which is the plain language used in the statute, given its plain and ordinary meaning). Section 110-6(f)(2) of the Code does not specify that good-conduct credit does *not* apply. See 725 ILCS 5/110-6(f)(2) (West 2022). As defendant points out, the Behavior Allowance Act generally provides that, based upon good behavior, a defendant is *entitled* to credit while confined. 730 ILCS 130/3 (West 2022). Specifically, "[t]he good behavior of any person who commences a sentence of confinement in a county jail for a fixed term of imprisonment *** *shall* entitle such person to a good behavior allowance." (Emphasis added.) *Id.* Section 3 provides six exceptions to the presumed entitlement to good-conduct credit, but none applies here.[2] Moreover, although the sanction here did not arise from a criminal contempt proceeding, the nature of the sanction is

---

[2]Specifically, "(1) a person who inflicted physical harm upon another person in committing the offense for which he is confined shall receive no good behavior allowance; and (2) a person sentenced for an offense for which the law provides a mandatory minimum sentence shall not receive any portion of a good behavior allowance that would reduce the sentence below the mandatory minimum; and (3) a person sentenced to a county impact incarceration program; and (4) a person who is convicted of criminal sexual assault under subdivision (a)(3) of Section 11-1.20 or paragraph (a)(3) of Section 12-13 of the Criminal Code of 1961 or the Criminal Code of 2012, criminal sexual abuse, or aggravated criminal sexual abuse shall receive no good behavior allowance." 730 ILCS 130/3 (West 2022). Section 3 then continues and includes two more exceptions, namely, "[t]he good behavior allowance provided for in this Section shall not apply to [(1)] individuals sentenced for a felony to probation or conditional discharge where a condition of such probation or conditional discharge is that the individual serve a sentence of periodic imprisonment or [(2)] to individuals sentenced under an order of court for civil contempt." *Id.*

similar to criminal contempt,[3] for which good-conduct credit has been held to apply. See *Kaeding v. Collins*, 281 Ill. App. 3d 919, 928 (1996) ("Plaintiff was sentenced for direct criminal contempt, and, as none of the exceptions enumerated in the [Behavior Allowance] Act apply, he must be accorded day-for-day good-behavior allowance ***."); *People v. Russell*, 237 Ill. App. 3d 310, 314-15 (1992) ("The absence of criminal contempt as an exception indicates the legislature viewed this offense as one which should have the opportunity to receive good time for good behavior while in jail. The trial judge had no authority to deny defendant's credit for good behavior while serving his jail term."). Finally, as defendant notes, the legislature recently modified section 3 of the Behavior Allowance Act and substituted the phrase unable to "comply with conditions of release" for unable to "post bail." Pub. Act 101-652, § 10-295 (eff. Jan. 1, 2023) (amending 730 ILCS 130/3).[4] It did not, however, include section 110-6(f)(2) sanctions as a new, seventh exception to good-conduct credit entitlement. As the statutory language is clear and unambiguous,

---

[3]"Criminal sanctions are retrospective in nature; they seek to punish a contemnor for past acts which he cannot now undo. Civil sanctions are prospective in nature; they seek to coerce compliance at some point in the future. That point might be immediate compliance in open court or whenever the contemnor chooses to use his 'key'—namely, compliance—to open the jailhouse door." *In re Marriage of Betts*, 200 Ill. App. 3d 26, 46 (1990).

[4]The referenced sentence in section 3 of the Behavior Allowance Act now reads, in part, "[t]he prisoner shall receive one day of good behavior allowance for each day of service of sentence in the county jail, and one day of good behavior allowance for each day of incarceration in the county jail before sentencing for the offense that he or she is currently serving sentence but was unable to *comply with the conditions of pretrial release* before sentencing." (Emphasis added.) Pub. Act 101-652, § 10-295 (eff. Jan. 1, 2023) (amending 730 ILCS 130/3).

we will not read into it exceptions, conditions, or limitations the legislature did not express. *In re Craig H.*, 2022 IL 126256, ¶ 25.

¶ 21    Although the trial court noted that the plain language of section 110-6(f) refers to a "sanction" of imprisonment, rather than a "sentence" of imprisonment, this seems a distinction without difference here. Either way, defendant is being ordered to serve a term of imprisonment, and, as noted above, sanctions for criminal contempt remain subject to good-conduct credit. Indeed, courts have discussed jail "sentences" imposed as a "sanction" for criminal contempt, when explaining why good-conduct credit applies. See, *e.g.*, *People v. Bailey*, 235 Ill. App. 3d 1, 4 (1992).

¶ 22    Given the absence of an exception to good-conduct credit for pretrial release sanctions in either section 110-6 of the Code or the Behavior Allowance Act, we do not think the legislature intended to create one. Thus, the court erred in ordering defendant to be held with no credit to apply. Accordingly, we reverse and vacate the sanctions order to the extent it denied defendant good-time credit toward his 30 days' imprisonment in the county jail.

¶ 23                              III. CONCLUSION

¶ 24    For the reasons stated, we reverse and vacate in part the trial court's order, to the extent it determined that good-conduct credit did not apply to the 30-day sanction of imprisonment.

¶ 25    Reversed in part and vacated in part.

*People v. Seymore*, **2025 IL App (2d) 240616**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of De Kalb County, No. 24-C-499; the Hon. Joseph C. Pederson, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Samuel B. Steinberg, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |