NOTICE

Decision filed 03/12/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241208-U

NO. 5-24-1208

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Coles County. |
| | ) | |
| v. | ) | No. 24-CF-5 |
| | ) | |
| MICHAEL LUEBKE, | ) | Honorable |
| | ) | Brian L. Bower, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE SHOLAR delivered the judgment of the court.
Justice Welch concurred in the judgment.
Presiding Justice McHaney specially concurred.

**ORDER**

¶ 1    *Held*:    Where trial counsel did not first raise the issue presented on appeal in defendant's Rule 604(h)(2) motion for relief, the issue raised in defendant's Rule 604(h)(7) memoranda is waived. Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024).

¶ 2    Defendant, Michael Luebke, was granted pretrial release, with pertinent conditions being that he was subject to home confinement with limited exceptions and subject to electronic monitoring. On October 30, 2024, the State filed a verified petition for sanctions, alleging 28 violations of pretrial release in that defendant made unscheduled and prohibited movements from July 29, 2024, through October 8, 2024, and asked that the circuit court sanction defendant for a period not to exceed 30 days for each violation. The circuit court granted the State's motion as to 23 of the violations and ordered defendant to serve six days in the Coles County jail on each

1

violation for a total of 138 days. The court denied defendant's motion for relief filed pursuant to Illinois Supreme Court Rule 604(h)(2). Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). Defendant appeals under Rule 604(h), arguing that the 138-day jail sentence exceeds the maximum sanction allowable under section 110-6(f)(2) of the Code of Criminal Procedure of 1963 (Code). 725 ILCS 5/110-6(f)(2) (West 2022) ("Sanctions for violations of pretrial release may include *** imprisonment in the county jail for a period not exceeding 30 days."). For the reasons that follow, we affirm.[1]

¶ 3                                    I. BACKGROUND

¶ 4      On January 3, 2024, the State charged defendant with possession of methamphetamine with intent to deliver (count I), a Class X felony, in violation of section 55(a)(1) of the Methamphetamine Control and Community Protection Act (720 ILCS 646/55(a)(1) (West 2022)); and two counts of unlawful possession of a weapon by a felon (counts II and III), a Class 3 felony, in violation of section 24-1.1(a) of the Criminal Code of 2012 (720 ILCS 5/24-1.1(a) (West 2022)). On January 10, 2024, the State filed a petition to deny pretrial release pursuant to the Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[2] *Rowe v. Raoul*, 2023 IL 129248, ¶ 52. Following a hearing the next day, the State's petition was granted, and defendant was detained.

---

[1]Pursuant to Illinois Supreme Court Rule 604(h)(8) (eff. Apr. 15, 2024), our decision in this case was due on or before February 18, 2025, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

[2]Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Code (725 ILCS 5/art. 110 (West 2022)), has been referred to as the "Pretrial Fairness Act" and the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act"; however, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 & n.1.

¶ 5    On April 25, 2024, defendant made an oral motion for pretrial release so that he could seek treatment for a serious medical condition. The circuit court released defendant over the State's objection. As a condition of his release, defendant was subject to electronic monitoring and was to remain at his home unless he was receiving medical care, treatment, or making court appearances. These exceptions had to be requested in advance. Additionally, defendant was allowed free movement for personal needs on Tuesdays and Thursdays from noon to 2 p.m.

¶ 6    On October 10, 2024, pursuant to section 110-6 of the Code (725 ILCS 5/110-6 (West 2022)), the State filed a verified petition alleging defendant violated the terms of pretrial release. When a defendant violates a condition of pretrial release, section 110-6(f) of the Code allows the court to sanction the defendant with a verbal or written admonishment, up to 30 days' imprisonment in the county jail, or the modification of pretrial release conditions. *Id.* § 110-6(f). Here, the State's petition referred to a pretrial violation report dated August 9, 2024, that listed "a multitude of unscheduled and prohibited movement violations" and asked the court to impose sanctions of up to 30 days in the county jail for each violation. The violation report itself listed multiple violations occurring from July 26, 2024, through August 8, 2024. Following a hearing on October 15, 2024, the court imposed a sanction of 30 days' detention, with day-for-day credit to apply. The judge stated that he could only issue a single sanction since the State's petition did not allege each violation independently, but if the State had specified each violation in its petition, then he could sanction defendant for up to 30 days for each violation.

¶ 7    On October 30, 2024, the State filed a second verified petition for sanctions. In this petition, the State listed 28 individual violations of defendant's pretrial release relating to "unscheduled and

prohibited movements." The petition referenced a pretrial violation report,[3] filed October 9, 2024, which listed possible violations occurring from July 29, 2024, through October 8, 2024. A hearing on the State's petition was held on November 4, 2024. The State struck five of the specified violations, noting that defendant had already been sanctioned for three of the violations, and that it had determined that two of the events were not violations. The State did not call any witnesses and instead relied on the violation report filed on October 9, 2024. The State asked the court to impose a sanction of 30 days for each of the 28 violations, for a total of 690 days. The court granted the petition and ordered defendant to serve 6 days in the county jail for each violation, for a total of 138 days. The court gave defendant day-for-day credit. Later that day, defendant filed a motion for relief.

¶ 8    The court heard defendant's motion for relief on November 7, 2024. Defendant's motion for relief contended that the State had not met its burden of proving, by clear and convincing evidence, that (a) defendant committed an act that violated a term of his release, (b) defendant had actual knowledge that his actions would violate a court order, (c) the violations of the court's order were willful, and (d) the violations were not caused by a lack of access to financial monetary resources. The motion for relief did not claim that the court's imposition of consecutive sanctions of jail time was error. The court denied defendant's motion.

¶ 9    On November 8, 2024, defendant filed a timely notice of appeal utilizing the Notice of Pretrial Fairness Act Appeal 604(h) (Defendant as Appellant) standardized form provided by the Illinois Supreme Court. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). The template instructed

---

[3]We note that the record does not contain this report. The record does contain an August 30, 2024, pretrial violations report and a pretrial progress report filed October 9, 2024. The former contains supporting documentation for violations occurring from August 9, 2024, through August 29, 2024; the latter contains conclusory statements of violations from July 29, 2024, through October 8, 2024, without supporting documentation. The violations alleged in the October 9, 2024, pretrial progress report track with the allegations in the State's October 30, 2024, petition for sanctions.

defendant to check one of the three following options to describe the "nature of order appealed," namely an order (1) denying pretrial release, (2) revoking pretrial release, or (3) imposing conditions of pretrial release. See Ill. S. Ct. Rs. Art. VI Forms Appendix R. 606(d). Defense counsel checked none of boxes. Instead, he created his own box, which he checked and named: "Imposing pretrial sanctions." The Office of the State Appellate Defender was appointed to represent defendant in this appeal and on December 31, 2024, filed a memorandum in support. On January 21, 2025, the State filed a responsive memorandum.

¶ 10                                  II. ANALYSIS

¶ 11     On appeal, defendant argues that the circuit court's order imposing sanctions in excess of 30 days in jail for violating conditions of his pretrial release is contrary to section 110-6(f)(2) of the Code. That section provides that "[s]anctions for violations of pretrial release may include *** imprisonment in the county jail for a period not exceeding 30 days." 725 ILCS 5/110-6(f)(2) (West 2022). Although defendant has completed the incarceration imposed by the trial court, he argues that this issue is not moot, because it is an issue of public importance and is capable of repetition, yet evading review.

¶ 12     Additionally, defendant advances two theories in support of his contention that this court has jurisdiction. Defendant argues this court has jurisdiction under Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024). Defendant maintains that Rule 604(h)(1)(i), which provides that either party may appeal "an order imposing conditions of pretrial release," encompasses an order imposing sanctions since the sanction is a condition defendant must meet to obtain pretrial release. Defendant also argues that the sanctioning order is appealable under Rule 604(h)(1)(ii), because the order temporarily revokes or denies pretrial release while defendant is serving the sanction. Finally, defendant argues that jurisdiction is proper under Rule 604(h)(1)(iii) since the imposition

5

of the sanctions effectively denied defendant request for release without sanctions, and therefore the court's order was the equivalent to an "order denying pretrial release."

¶ 13    In the alternative, likening the circuit court's sanctions order to a finding of contempt, defendant argues that the order imposing the 138-day sanction was a final and appealable order. See *In re Marriage of Ruchala*, 208 Ill. App. 3d 971, 977 (1991) ("Given that the court imposed a sanction on petitioner, it is our opinion that the contempt order in this case was final and appealable."). Defendant also notes that article VI, section 6 of the Illinois Constitution provides that "[a]ppeals from final judgments of a Circuit Court are a matter of right." Ill. Const. 1970, art. VI, § 6. Notwithstanding the provisions of Rule 604(h), defendant contends that a court order imposing sanctions is a final and appealable order and is like a contempt proceeding: although it occurs within the context of another proceeding, "it is an original special proceeding, collateral to and independent of, the case in which the contempt arises." *People ex rel. Scott v. Silverstein*, 87 Ill. 2d 167, 181 (1981). Since "[t]here [was] nothing left to be done but enforce the judgment" (*id.*), defendant maintains that this is not an appeal of an interlocutory order.

¶ 14    The State contends that this court does not have jurisdiction, arguing that the plain language of Rule 604(h) only allows appeals under limited circumstances, none of which allow for an appeal from an order imposing sanctions. In support of its argument, the State relies on *People v. Boose*, 2024 IL App (1st) 240031. In *Boose*, the defendant was on pretrial release and missed multiple court dates. *Id.* ¶¶ 4-5. The State petitioned for sanctions pursuant to section 110-6(c) through (f) of the Code. *Id.*; 725 ILCS 5/110-6(c)-(f) (West 2022). The trial court imposed a sanction of 30 days in the Cook County jail (*id.* ¶ 5), and while serving the sanction, the defendant petitioned the trial court asking for day-for-day credit under the County Jail Good Behavior Allowance Act (730 ILCS 130/1 *et seq.* (West 2022)). *Id.* ¶ 6. Although neither party raised the issue of jurisdiction,

the *Boose* court noted that appellate courts have an independent duty to determine jurisdiction and found that it did not have jurisdiction to hear the defendant's appeal. *Id.* ¶¶ 10-11.

¶ 15 The *Boose* court noted the defendant purported to appeal under section 110-6.6(a) of the Code (725 ILCS 5/110-6.6(a) (West 2022) (providing that appeals of pretrial release decisions shall be governed by supreme court rules)) and Rule 604(h)(1)(iii) (permitting an appeal by a defendant from an order denying pretrial release). 2024 IL App (1st) 240031, ¶ 13. The *Boose* court found that the defendant could not rely on Rule 604(h)(1)(iii) as a basis for the appeal since the defendant was never denied pretrial release and noted the fact that the defendant "was sanctioned for violating a condition of pretrial release shows the opposite: She was on pretrial release." *Id.* ¶¶ 13-14. The *Boose* court also noted the defendant brought her petition for credit under section 3 of the County Jail Good Behavior Allowance Act (730 ILCS 130/3 (West 2022)) and found that statute was not a provision identified as a possible source for an interlocutory appeal under Rule 604(h). *Id.* ¶ 15. Accordingly, the *Boose* court dismissed the defendant's appeal for lack of jurisdiction. *Id.* ¶¶ 16-19.

¶ 16 Since the parties submitted their memorandum in this matter, the Second District issued an opinion in *People v. Seymore*, 2025 IL App (2d) 240616.[4] In *Seymore*, the defendant violated the terms of his pretrial release and was sanctioned with 30 days' imprisonment in the county jail without good-time credit. *Id.* ¶ 1. The trial court denied the defendant's Rule 604(h)(2) motion for relief, and the defendant appealed under Rule 604(h), arguing that he was entitled to day-for-day credit under section 3 of the County Jail Good Behavior Allowance Act (730 ILCS 130/3 (West 2022)). *Id.* Relying on Rule 604(h) and the *Boose* decision, the State argued the appellate court lacked jurisdiction. *Id.* ¶ 11. In rejecting the State's claim and finding jurisdiction, the *Seymore*

---

[4]The mandate in *Seymore* has been stayed pending a petition for leave to appeal.

court discussed the *Boose* decision at length. *Id.* ¶¶ 13-15. First, the *Seymore* court noted that the *Boose* court did not analyze whether one of the other bases for an appeal under Rule 604(h) applied, and noted that, by contrast, the *Seymore* defendant had argued "that the order sanctioning him to imprisonment without good-time credit is of a nature that falls within more than one of Rule 604(h)'s enumerated categories." *Id.* ¶ 15. The *Seymore* court found jurisdiction, finding that "the sanctions order [imposing 30 days in the county jail] revoked pretrial release, modified the conditions of release, and denied pretrial release, albeit temporarily." *Id.*

¶ 17    Neither *Boose* nor *Seymore* provide a wholly satisfactory answer to the question of this court's jurisdiction. We share the *Boose* court's concern that the imposition of a sanction imposed for a violation of a condition of pretrial release does not appear to be a proper basis for an appeal under Rule 604(h). We are mindful of the fact that allowing defendants to appeal from sanction orders could lead to an overwhelming number of appeals that neither the legislature nor the Illinois Supreme Court intended to have placed before the appellate court. At the same time, we find it significant that the defendant in *Boose* was not without a remedy. As the *Boose* court noted, the defendant could later seek relief through the application of Illinois Supreme Court Rule 472(a)(3) and (c) (Ill. S. Ct. R. 472(a)(3), (c) (eff. May 17, 2019) (granting trial then appellate jurisdiction to correct "[e]rrors in the calculation of presentence custody credit" first raised in a postjudgment motion)). 2024 IL App (1st) 240031, ¶ 16.

¶ 18    The decision in *Seymore*, on the other hand, would seem to allow appeals to be made from *any* order sanctioning a defendant for a violation of the conditions of pretrial release. While we recognize that most issues raised in such an appeal would be required to get past the mootness doctrine, we are still concerned about the potential burden that this would place on the courts. Part of our concern with the instant case is that reading section 110-6(f)(2) as allowing the court to

8

impose consecutive sanctions of up to 30 days' imprisonment in the county jail, an interpretation shared by the circuit court and the State, permits the court to impose a *de facto* revocation of a defendant's pretrial release under circumstances where a revocation is not available as a matter of law. The ability of the court to revoke previously granted pretrial release is limited to two circumstances: (1) where the defendant has been "charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release" (725 ILCS 5/110-6(a) (West 2022)), or (2) where the State files a subsequent petition for pretrial detention based upon "new facts not known or obtainable at the time of the filing of the previous petition" (*id.* § 110-6.1(d)(2)). See *People v. Farris*, 2024 IL App (5th) 240745, ¶ 46 (holding that noncriminal violations of conditions of pretrial release cannot serve as the basis for a subsequent petition to deny trial release).

¶ 19    In the instant case, the State asked the trial court to sanction defendant with 30 days' imprisonment for each violation for a total of 690 days. That the court believed consecutive sanctions of jail time to be appropriate is proven by the fact that the court actually imposed consecutive sanctions for a total of 138 days' incarceration in the Coles County jail. We believe that such an interpretation of the statute allows for the imposition of sanctions to the point that the court has granted a *de facto* revocation of defendant's pretrial release. Unlike the defendant in *Boose*, the defendant in this matter does not have an alternative remedy that he can pursue later. For these reasons, we find that this court has jurisdiction under Rule 604(h)(1)(ii). Ill. S. Ct. R. 604(h)(1)(ii) (eff. Apr. 15, 2024). Failure to do so would mean that a defendant could find himself serving sanctions in excess of a sentence that he could receive for the underlying criminal offense. Such a result seems untenable.

¶ 20    We find further support for our conclusion by considering that one of the sanctions a circuit court can impose for violations of pretrial release is the modification of a defendant's pretrial conditions. 725 ILCS 5/110-6(f)(4) (West 2022). Such a modification would result in a court order imposing conditions on a defendant's pretrial release. Rule 604(h)(1)(i) specifically grants defendants the right to appeal "from an order imposing conditions of pretrial release." Ill. S. Ct. R. 604(h)(1)(i) (eff. Apr. 15, 2024). It seems incongruent that a defendant has the right to appeal the conditions of his pretrial release while finding that this court lacks jurisdiction to hear an appeal of a sanction that implicates liberty interests.

¶ 21    Next, we address the issue of mootness. Calculating that defendant would have completed the jail sanction as of January 12, 2025, the State contends that the issue is moot. See *In re Benny*, 2017 IL 120133, ¶ 17 (an appeal is moot when intervening events have made it impossible to grant effectual relief); *People v. Tibbs*, 2025 IL App (4th) 240378, ¶ 15 (where defendant had served his 90-day sentence, appellate court could not grant effectual relief, and appeal was moot (although an exception applied)). Defendant contends that exceptions to the mootness doctrine apply. We agree with defendant.

¶ 22    "[T]he public interest exception to the mootness doctrine permits review when the interests involved are of the appropriate magnitude or immediacy." *Tibbs*, 2025 IL App (4th) 240378, ¶ 16 (citing *In re Shelby R.*, 2013 IL 114994, ¶ 16). " 'Application of this exception, which is narrowly construed, requires a clear showing of each of the following criteria: (1) the question presented is of a public nature; (2) an authoritative determination of the question is desirable for the future guidance of public officers; and (3) the question is likely to recur.' " *Id.* (quoting *Shelby R.*, 2013 IL 114994, ¶ 16).

10

¶ 23    The question presented here is whether a defendant can be ordered to serve jail time in excess of 30 days as a consequence of sanctions being imposed for violations of conditions of pretrial release. Like the *Seymore* court, we believe a clear showing has been made that the issue satisfies the public-interest exception to mootness "because it (1) presents a question of public importance, *i.e.*, identifying section 110-6(f) pretrial incarceration periods that comply with the law and, hence, due process; (2) that will likely recur; and (3) our answer will guide public officers in the performance of their duties." *Seymore*, 2025 IL App (2d) 240616, ¶ 18. Additionally, we believe this matter is subject to review under the mootness exception for issues capable of repetition yet evading review. "The exception for issues capable of repetition yet evading review has two elements: (1) the challenged action must be too short in duration to be fully litigated before its end, and (2) there must be a reasonable expectation that the complaining party will be subject to the same action again." *In re Craig H.*, 2022 IL 126256, ¶ 20. In this case, the first element is met because the defendant's 168-day incarceration was too brief to allow appellate review that would allow this court to grant defendant effectual relief. Likewise, we believe the second element is met since defendant's history in this case alone establishes a reasonable expectation that he may commit another violation of his pretrial conditions and therefore may be subject to future sanctions. See *Seymore*, 2025 IL App (2d) 240616, ¶ 18 (citing *Craig H.*, 2022 IL 126256, ¶ 20).

¶ 24    Having found that the issue presented falls within an exception to the mootness doctrine, we next consider the State's argument that defendant waived this issue by failing to raise the imposition of consecutive sanctions in excess of 30 days' incarceration in his motion for relief. In support of its argument, the State points to Rule 604(h)(2) which states that, "[u]pon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived." Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). As

11

noted above, defendant's motion for relief simply challenged the State's burden to prove the factors found in section 110-6(e) of the Code. 725 ILCS 5/110-6(e) (West 2022). Defendant acknowledges that defense counsel did not raise this issue in the trial court but urges this court to review the issue under the second prong of plain error. Alternatively, defendant argues that defense counsel was ineffective for failing to raise this issue in the trial court. In support of his claim that this court can consider the issue under the plain-error doctrine, the defendant's argument relies on the concept of forfeiture as opposed to waiver.

¶ 25    In support of its argument that defendant waived this issue, the State relies on *People v. Nettles*, 2024 IL App (4th) 240962. In *Nettles*, the defendant appealed the trial court's denial of his pretrial release. In so doing, the defendant raised issues on appeal that were not raised in the trial court. Much like the case at hand, the *Nettles* defendant sought to avoid dismissal by arguing that trial counsel's failure to preserve those arguments amounts to ineffective assistance of counsel, or alternatively, by invoking plain error. *Id.* ¶ 22.

¶ 26    Noting that Rule 604(h) directs that issues not raised in the motion for relief are waived, the *Nettles* court discussed the distinction between the doctrines of "forfeiture" and "waiver," noting that "forfeiture is the failure to make the timely assertion of the right, waiver is the intentional relinquishment or abandonment of a known right." (Internal quotation marks omitted.) *Id.* ¶ 29. This distinction is important due to the fact that courts can review forfeited arguments under the plain-error doctrine, whereas a claim of error that has been waived need not be reviewed for plain error. *Id.* (citing *People v. Scott*, 2015 IL (4th) 130222, ¶ 21, and *United States v. Flores*, 929 F.3d 443, 447 (7th Cir. 2019)).

¶ 27    To the extent that there is ambiguity in the use of the word "waived," the *Nettles* court also discussed the changes to Rule 604 following the release of the report of the Illinois Supreme Court Pretrial Release Appeal Task Force and the report itself:

> "That report noted that 'It would be helpful to all involved to have the rules regarding issue preservation made explicit.' Ill. S. Ct. Pretrial Release Appeals Task Force, Report and Recommendations 7 (2024), https://ilcourtsaudio.blob.core.windows.net/antilles-resources/resources/628434e3-d07f-4ead-b1f6-4470d7e83bf3/Pretrial%20Release%20Appeals%20Task%20Force%20Report_March%202024.pdf [https://perma.cc/LL5Y-R4FN]. *The task force then proposed that, '[o]ther than errors occurring for the first time at the hearing on the motion for relief, issues not raised in the motion will not be considered on appeal,' noting 'that this leaves no room for alternative means of analysis such as plain error review or a contention of ineffective assistance of trial counsel.'* (Internal quotation marks omitted.) *Id.* The reasoning was 'that an expedited, limited review of detention decisions is designed in the first instance to be review of the trial court's decision' and it was 'unreasonable to expect this expedited process to carry the same weight and scope of argument that is seen in a direct appeal following conviction.' *** *Id.*" (Emphasis added.) *Id.* ¶ 31.

For these reasons, *Nettles* concluded that plain-error review is incompatible with the language of Rule 604(h). *Id.* ¶ 34.

¶ 28    In *People v. Jackson*, 2025 IL App (4th) 241411-U, the court found further support for the decision in *Nettles* based upon the Illinois Supreme Court's recent decision in *People v. Ratliff*, 2024 IL 129356. The *Jackson* court explained:

13

"[In *Nettles*,] [w]e noted that *** Rule 604(d)['s] [similar language] had previously been interpreted to find procedurally defaulted arguments had only been forfeited, despite the explicit directive to deem the argument 'waived.' Ill. S. Ct. R. 604(d) (eff. Apr. 15, 2024). After our decision in *Nettles*, the Illinois Supreme Court issued its decision in *People v. Ratliff*, 2024 IL 129356, ¶ 26, finding that 'Rule 604(d) is unmistakably clear: Any issue not raised in a posttrial motion is "waived" on appeal. Though forfeiture may be a limitation on the parties, and not this court, we have never stated that the same is true of waiver, and with good reason.' The *Ratliff* court reaffirmed that Illinois Supreme Court Rules are not mere suggestions (*id.* ¶ 27) and abandoned prior precedent finding that the word waived really meant forfeited. *Id.* ¶ 23 n.2. The court refused to overlook the defendant's waiver under the auspice of plain error to reach the merits of his claim. *Id.* ¶ 28." *Jackson*, 2025 IL App (4th) 241411-U, ¶ 18.

We agree with the analysis and the conclusions reached in *Nettles* and *Jackson* and find that Rule 604(h)(2) precludes the use of plain error.

¶ 29   We further find that even if plain error and ineffective assistance were applied, the claims would fail under the facts of this case. The second prong of plain error allows a reviewing court to consider a forfeited, but still clear and obvious error, when "that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process." *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007) (citing *People v. Herron*, 215 Ill. 2d 167, 186-87 (2005)). The Illinois Supreme Court has twice reviewed the standards governing the second prong of the plain-error rule. See *People v. Johnson*, 2024 IL 130191; *People v. Moon*, 2022 IL 125959.

¶ 30   In *People v. Johnson*, 2024 IL 130191, the court noted that the plain-error rule is "a narrow and limited exception to procedural default." (Internal quotation marks omitted.) *Id.* ¶ 53. "[E]rrors

14

that are reviewable under the second prong of the plain error rule are rare." *Id.* Like the defendant in *Johnson*, defendant here "is asking this court to overlook his forfeiture and review the circuit court's error not only under a narrow and limited rule but also under the rarely applied second prong of that narrow and limited rule." *Id.* ¶ 54. We acknowledge that defendant has a fundamental right to liberty. However, the fact that a forfeited error affected a substantial right does not automatically grant plain-error review; rather it "merely satisfies the prerequisite that the error must affect a substantial right before plain error review is even considered." *Id.* ¶ 67. " 'Before plain error can be considered as a means of circumventing the general waiver rule, it must be plainly apparent from the record that an error affecting substantial rights was committed.' " *Id.* (quoting *People v. Precup*, 73 Ill. 2d 7, 17 (1978)). "Once it is determined that the error affected a substantial right, the reviewing court may then proceed in determining whether the error is excusable ***." *Id.* (citing *People v. Heron*, 215 Ill. 2d 167, 185 (2005)).

¶ 31    "The first step in a plain-error analysis is to determine whether a *clear and obvious* error occurred. [Citation.] If a clear and obvious error occurred, we *then* consider whether either of the two prongs of the plain-error doctrine has been satisfied." (Emphases added.) *People v. Henderson*, 2017 IL App (3d) 150550, ¶ 37. The defendant bears the burden of persuasion in showing that a clear and obvious error exists. We do not find that the alleged error is clear and obvious.

¶ 32    That there are different ways to interpret the language of section 110-6(f)(2)'s allowing "[s]anctions for violations" to include "imprisonment in the county jail for a period not exceeding 30 days" is evidenced by the fact that apparently no one in the trial court considered that consecutive terms as sanctions were inappropriate, owing to an apparent ambiguity in the statute. Even before this court, both parties claim that the plain language of the statute supports their positions.

15

¶ 33    It is "unreasonable to expect this expedited [appeal] process to carry the same weight and scope of argument that is seen in a direct appeal following conviction" (Ill. S. Ct. Pretrial Release Appeals Task Force, Report and Recommendations 7), especially when the matter was not first addressed in the trial court. Accordingly, we find that defendant failed to meet his burden of establishing a clear and obvious error, and for this reason, a plain-error analysis is not appropriate. Even if we found that Rule 604(h)(2) allowed this court to review this matter under the plain-error doctrine, "[u]ltimately, undertaking plain-error review is discretionary. See Ill. S. Ct. R. 615 (eff. Jan. 1, 1967) ('Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court.'); *People v. Clark*, 2016 IL 118845, ¶ 42." *Nettles*, 2024 IL App (4th) 240962, ¶ 34. "Aside from finding such review incompatible with the language of the rule, we are not presented with any compelling argument to engage in the discretionary analysis in this appeal." *Id.*

¶ 34    Defendant's claim of ineffective assistance of counsel would likewise fail. Our review of ineffective assistance of counsel claims is guided by the standards set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), as adopted by our supreme court in *People v. Albanese*, 104 Ill. 2d 504, 526 (1984). To succeed on a claim of ineffective assistance of counsel under the *Strickland* standard, one must show both that (1) counsel's representation fell below an objective standard of reasonableness (deficient performance prong) and （２） a reasonable probability exists that, but for the error, the result would have been different (prejudice prong). *People v. Manning*, 241 Ill. 2d 319, 326-27 (2011). A defendant must satisfy both prongs of the *Strickland* test to succeed on a claim of ineffective assistance of counsel. *People v. Evans*, 209 Ill. 2d 194, 220 (2004). Thus, defendant's failure to establish either deficient performance or prejudice will be fatal to the claim. *People v. Richardson*, 189 Ill. 2d 401, 411 (2000).

¶ 35    The Pretrial Fairness Act "dramatically changed the statutory framework for pretrial release of criminal defendants in Illinois." *Rowe*, 2023 IL 129248, ¶ 1. Implementing the law has demonstrated complex issues with a lack of precedential authority to guide both the courts and practitioners alike. Although we note the necessity of limiting the parties to 4,500 words in their memoranda (Ill. S. Ct. R. 604(h)(7) (eff. Apr. 15, 2024)), defendant nonetheless fails to identify *how* trial counsel's performance was deficient, other than by stating that he should have raised the issue in the trial court. We are reluctant to find that counsel's performance was objectively unreasonable under prevailing professional norms (*People v. Moore*, 2020 IL 124538, ¶ 28) for failing to raise an issue of first impression. Accordingly, we find that defendant's claim of ineffective assistance of counsel fails under the facts of this case.

¶ 36                              III. CONCLUSION

¶ 37    For the reasons stated, we conclude that this court has jurisdiction under Rule 604(h)(1)(iii). Ill. S. Ct. R. 604(h)(1)(iii) (eff. Apr. 15, 2024). We also find defendant has waived any claim of error regarding the imposition of the sanctions ordered by the trial court. Finally, we conclude that neither plain error nor ineffective assistance of counsel applies.

¶ 38    For the reasons stated, we affirm the trial court.

¶ 39    Affirmed.

¶ 40    PRESIDING JUSTICE McHANEY, specially concurring:

¶ 41    I agree with the majority that the trial court's order should be affirmed. However, I write separately since it is unnecessary to discuss mootness or the merits of the defendant's argument because there is no jurisdiction.

¶ 42    Rule 604(h) outlines appellate jurisdiction for appeals from orders under the Act as follows:

"(h) Appeals From Orders Imposing Conditions of Pretrial Release, Granting or Denying a Petition to Deny Pretrial Release, or Revoking or Refusing to Revoke Pretrial Release.

(1) Orders Appealable. An appeal may be taken to the Appellate Court from an interlocutory order of court entered under sections 110-5, 110-6, and 110-6.1 of the Code of Criminal Procedure of 1963 as follows:

(i) by the State and by the defendant from an order imposing conditions of pretrial release;

(ii) by the defendant from an order revoking pretrial release or by the State from an order denying a petition to revoke pretrial release;

(iii) by the defendant from an order denying pretrial release; or

(iv) by the State from an order denying a petition to deny pretrial release." Ill. S. Ct. R. 604(h)(1) (eff. Apr. 15, 2024).

"Although a supreme court rule is not a statute enacted by the Illinois legislature, the interpretation of a rule should follow the same guidelines as statutory interpretation ***." *Longstreet v. Cottrell, Inc.*, 374 Ill. App. 3d 549, 552 (2007). Further, the words used in the supreme court rule are to "be given their plain, ordinary, and popularly understood meanings." *Id.*

¶ 43 The majority elects to discuss the merits of the defendant's argument by referencing the decision of the Second District's opinion in *People v. Seymore*, 2025 IL App (2d) 240616. The jurisdictional analysis in *Seymore* is flawed because once a sanction expires, the defendant remains on pretrial release. I am also guided by the court's opinion in *People v. Boose*, 2024 IL App (1st) 240031. There, the defendant argued on appeal that she should have been awarded sentence credit for her 30-day sanction for violating a condition of her pretrial release. The court held that it did not have jurisdiction, as the defendant was not appealing from one of the four specific scenarios outlined in Rule 604(h). *Boose*, 2024 IL App (1st) 240031, ¶ 14. I refuse to join the majority by manufacturing jurisdiction in an effort to "sally forth *** looking for wrongs to right." *Greenlaw v. United States*, 554 U.S. 237, 244 (2008).

18

¶ 44   For the above reasons, I specially concur.